■  E. Olga Urra et al., Appellants, v Emil Friedman et al., Respondents. [648 NYS2d 41] —In an action to recover damages for wrongful eviction, the plaintiffs appeal from an order of the Supreme Court, Kings County (Dowd, J.), dated April 24, 1995, which, *inter alia,* granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiffs' contention, their wrongful eviction action was not commenced within the applicable one-year Statute of Limitations (*see, Klishwick v Popovicki,* 186 AD2d 173, 174). The plaintiffs were evicted from their apartment on January 29, 1986, pursuant to a default judgment and warrant of eviction entered in favor of the defendants in the Civil Court of the City of New York, Kings County. The plaintiffs effectively interposed a claim in Civil Court, *inter alia,* to recover damages for wrongful eviction on February 18, 1986, 21 days after the eviction. On October 21, 1986, the default judgment and warrant of eviction were vacated. However, the plaintiffs' cause of action to recover damages was pending in Civil Court until it was discontinued on July 13, 1987. The Statute of Limitations expired on January 29, 1987. It is not clear from the record whether or not this discontinuance was voluntary. Assuming that it was not a voluntary discontinuance, the plaintiffs were entitled to a six-month period running from July 13, 1987, the date of the discontinuance, to recommence the action (*see,* CPLR 205 [a]). This six-month period expired on January 13, 1988. Accordingly, the interposition of the claims in the summons and complaint which were filed on January 29, 1988, and allegedly served on February 29, 1988, were untimely (*see,* CPLR 203 [b] [5] [i]), and the plaintiffs' wrongful eviction action was barred by the Statute of Limitations.

Contrary to the plaintiffs' contention, the tolling provisions of CPLR 203 (former [e]) are not applicable in this case since the Civil Court retained jurisdiction of the wrongful eviction cause of action after October 21, 1986, when it vacated the default judgment entered against the plaintiffs, and the matter remained pending in the Civil Court until July 13, 1987. Mangano, P. J., Miller, Ritter and Altman, JJ., concur.