■ RUSSELL D. PALMER, Appellant, v STATE OF NEW YORK, Respondent. [870 NYS2d 11]—

Claimant pro se alleges that the untimely sealing of his criminal case file by the Clerk of the Bronx Criminal Court pursuant to CPL 160.50 prevented him from timely filing his malicious prosecution claim pursuant to 42 USC § 1983.

A cause of action under 42 USC § 1983 accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action" (*Pearl v City of Long Beach*, 296 F3d 76, 80 [2002], *cert denied* 538 US 922 [2003] [internal quotation marks and citations omitted]). Thus, the statute of limitations on claimant's federal malicious prosecution claim began to run "when the underlying criminal action [was] conclusively terminated" (*Murphy v Lynn*, 53 F3d 547, 548 [1995], *cert denied* 522 US 1115 [1998]), i.e., where "an order dismissing

the entire accusatory instrument against [him] . . . was entered" (CPL 160.50 [3] [a]). For purposes of determining when the underlying action was terminated, the sealing of the record is irrelevant (*see* CPL 160.50 [1]). Claimant's federal claim was dismissed as time-barred because it was brought more than three years after the underlying criminal charges against him were dismissed (CPLR 214 [5]; *see Pearl*, 296 F3d at 79).

We have considered claimant's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Gonzalez, Catterson, McGuire and Acosta, JJ.