■ JOHN BARRY et al., Appellants, v CADMAN TOWERS, INC., et al., Defendants, and CITY OF NEW YORK DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT, Respondent. [25 NYS3d 342]—

In an action, inter alia, to recover damages for housing discrimination based on disability in violation of, among other things, the Fair Housing Act (42 USC § 3601 *et seq.*), and for violation of due process rights pursuant to 42 USC § 1983, the plaintiffs appeal (1) from an order of the Supreme Court, Kings County (Landicino, J.), dated April 4, 2013, which granted that branch of the motion of the defendant City of New York Department of Housing Preservation and Development which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against it as time-barred, and (2), as limited by their brief, from so much of an order of the same court dated November 25, 2013, as, in effect, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated April 4, 2013 is dismissed, as that order was superseded by the order dated November 25, 2013, made, in effect, upon reargument; and it is further,

Ordered that the order dated November 25, 2013 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondent.

In 2005, the defendant City of New York Department of Housing Preservation and Development (hereinafter HPD) issued a determination (hereinafter the HPD determination), after a hearing, granting the application of the defendant Cadman Towers, Inc., a Mitchell-Lama housing company, for a certificate of eviction against the plaintiff John Barry, the late John J. Holub, and the plaintiff Raymond Weinstein for viola-

tion of the HPD primary residence rule (*see* 28 RCNY 3-02 [n] [4]). In a CPLR article 78 proceeding, this Court confirmed the HPD determination, as it was supported by substantial evidence in the record (*see Matter of Weinstein v City of N.Y. Dept. of Hous. Preserv. & Dev.*, 39 AD3d 764, 764 [2007]).

In 2012, Barry, Weinstein, individually and in his capacity as administrator of Holub's estate, and the plaintiff Marshal S. Weinstein commenced this action alleging, inter alia, housing discrimination in violation of the Fair Housing Act (42 USC § 3601 *et seq.*) (hereinafter the Act) and violation of their due process rights pursuant to 42 USC § 1983. HPD moved pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against it. By order dated April 4, 2013, the Supreme Court granted that branch of HPD's motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against it as time-barred. By order dated November 25, 2013, the Supreme Court, in effect, upon reargument, adhered to its original determination.

On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (5) on the ground that the complaint is barred by the applicable statute of limitations, the defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired. In this regard, the defendant must establish, inter alia, when the cause of action accrued (*see Rodeo Family Enters., LLC v Matte*, 99 AD3d 781, 783-784 [2012]; *Swift v New York Med. Coll.*, 25 AD3d 686, 687 [2006]; *Gravel v Cicola*, 297 AD2d 620, 620-621 [2002]). If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period (*see Singh v Edelstein*, 103 AD3d 873, 875 [2013]; *Rodeo Family Enters., LLC v Matte*, 99 AD3d at 784). Causes of action pursuant to the Act have a two-year statute of limitations (*see* 42 USC § 3613 [a] [1] [A]), and causes of action pursuant to 42 USC § 1983 have a three-year statute of limitations (*see* CPLR 214; *Way v City of Beacon*, 96 AD3d 829, 832 [2012]; *Matter of Greenfield v Town of Babylon Dept. of Assessment*, 76 AD3d 1071, 1073-1075 [2010]). Causes of action pursuant to 42 USC § 1983 "accrue[ ] 'when the plaintiff knows or has reason to know of the injury which is the basis of his action' " (*Palmer v State of New York*, 57 AD3d 364, 364 [2008], quoting *Pearl v City of Long Beach*, 296 F3d 76, 80 [2d Cir 2002]).

Here, HPD met its initial burden by establishing that the

plaintiffs knew of the injuries that formed the basis of their causes of action pursuant to 42 USC § 1983 in 2005, that the alleged acts of housing discrimination occurred no later than March 2005, and that this action was not commenced until July 2012, more than seven years later. In opposition to HPD's showing that the complaint was time-barred, the plaintiffs failed to raise a question of fact. Consequently, the Supreme Court, in effect, upon reargument, properly adhered to its determination granting that branch of HPD's motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against it as time-barred.

HPD's remaining contentions either are not properly before this Court or need not be reached in light of our determination. Mastro, J.P., Leventhal, Cohen and LaSalle, JJ., concur.