■ GEOTECH ENTERPRISES, INC., et al., Respondents, v 181 EDGEWATER, LLC, Appellant. [28 NYS3d 457]—

In an action, inter alia, to recover damages for conversion, the defendant appeals from so much of an order of the Supreme Court, Queens County (Kitzes, J.), entered April 20, 2015, as denied that branch of its motion which was pursuant to CPLR 3211 (a) (5) to dismiss the second cause of action as time-barred.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (5) to dismiss the second cause of action as time-barred is granted.

In 2008, the plaintiffs entered into a contract with nonparty Nevins Group, LLC (hereinafter Nevins), to install pile drilling and load testing equipment at a construction site in Brooklyn. In 2010, after a dispute with Nevins, the plaintiffs ceased performing work at the construction site. On October 21, 2010, Nevins removed the plaintiffs' equipment and machinery from the worksite and placed them in a storage facility owned by the defendant.

The plaintiffs then commenced an action against Nevins to recover damages for breach of contract, and subsequently commenced a second action against Nevins seeking replevin of its equipment and machinery. On February 14, 2011, during the course of discovery in those actions, the plaintiffs learned, allegedly for the first time, that their equipment and machinery were stored at the defendant's property. They were thereafter provided with copies of the defendant's invoices billing Nevins for storage. In 2011, the plaintiffs commenced a third action against Nevins, the defendant, and another party to recover damages for fraud and conversion.

In July 2014, the plaintiffs commenced this action against the defendant, inter alia, to recover damages for conversion, as alleged in the second cause of action, asserting that the defendant removed and secreted their equipment and machinery.

The defendant moved, inter alia, pursuant to CPLR 3211 (a) (5) to dismiss the second cause of action. The defendant argued that the applicable three-year statute of limitations had run prior to the commencement of this action. The Supreme Court, inter alia, denied that branch of the motion. The defendant appeals.

To dismiss a cause of action pursuant to CPLR 3211 (a) (5) on the ground that it is barred by the statute of limitations, a defendant bears the initial burden of establishing prima facie that the time in which to sue has expired (see *J.A. Lee Elec., Inc. v City of New York*, 119 AD3d 652, 653 [2014]; *Sabadie v Burke*, 47 AD3d 913, 914 [2008]; *Swift v New York Med. Coll.*, 25 AD3d 686, 687 [2006]; *Savarese v Shatz*, 273 AD2d 219, 220 [2000]). Once the defendant meets its prima facie burden, the burden then shifts "to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or was otherwise inapplicable, or whether it actually commenced the action within the applicable limitations period" (*J.A. Lee Elec., Inc. v City of New York*, 119 AD3d at 653).

Here, the defendant made a prima facie showing that the conversion cause of action was time-barred under the three-year statute of limitations applicable to conversion claims (*see*

CPLR 214 [3]), inasmuch as the complaint demonstrates that more than three years had elapsed between the date of the alleged conversion of the plaintiffs' property and the commencement of this action (*see Muscat v Mid-Hudson Med. Group, P.C.*, 135 AD3d 915, 916 [2016]; *Village of Lindenhurst v J.D. Posillico, Inc.*, 94 AD3d 1101, 1101 [2012], *affd* 22 NY3d 1024 [2013]; *see also Texeria v BAB Nuclear Radiology, P.C.*, 43 AD3d 403, 405 [2007]).

In opposition, the plaintiffs failed to raise a question of fact as to whether the statute of limitations was tolled, or whether this action to recover damages was commenced within the applicable limitations period. "[A] cause of action to recover damages for conversion accrues on the date the conversion occurs" (*City Store Gates Mfg. Corp. v Empire Rolling Steel Gates Corp.*, 113 AD3d 718, 719 [2014]; *see Malanga v Chamberlain*, 71 AD3d 644, 645-646 [2010]). The plaintiffs assert that the conversion cause of action did not accrue until the date of Hurricane Sandy, October 29, 2012, during which, they allege, their equipment and machinery sustained damage when it was left at the defendant's property on Staten Island, and that they did not know that the defendant's possession of their equipment and machinery was hostile until after the hurricane occurred. These assertions do not raise a question of fact as to whether the conversion cause of action accrued within the applicable limitations period or whether the statute of limitations period was tolled (*see Sporn v MCA Records*, 58 NY2d 482, 487 [1983]; *Davidson v Fasanella*, 269 AD2d 351, 352 [2000]).

Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (5) to dismiss the second cause of action. Dillon, J.P., Dickerson, Austin and Duffy, JJ., concur.