■ CURTIS STEWART, Appellant, v GDC TOWER AT GREYSTONE, Respondent. [30 NYS3d 638]—

In an action to recover damages for wrongful eviction and conversion, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Connolly, J.), dated September 17, 2014, as denied his motion pursuant to CPLR 3025 (b) for leave to amend the complaint to add additional defendants and granted that branch of the defendant's cross motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

To dismiss a cause of action pursuant to CPLR 3211 (a) (5) on the ground that it is barred by the applicable statute of limitations, a defendant bears the initial burden of demonstrating, prima facie, that the time within which to commence the action has expired (*see J.A. Lee Elec., Inc. v City of New York*, 119 AD3d 652, 653 [2014]; *Fleetwood Agency, Inc. v Verde Elec. Corp.*, 85 AD3d 850 [2011]; *Sabadie v Burke*, 47 AD3d 913, 914

[2008]). Only then does the burden shift to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or was otherwise inapplicable, or whether it actually commenced the action within the applicable limitations period (*see Reid v Incorporated Vil. of Floral Park*, 107 AD3d 777, 778 [2013]; *Williams v New York City Health & Hosps. Corp.*, 84 AD3d 1358, 1359 [2011]).

An action alleging conversion must be commenced within three years of the date of the conversion (*see* CPLR 214 [3]; *Mariano v Fiorvante*, 118 AD3d 961, 962 [2014]), and an action alleging wrongful eviction must be commenced within one year of the date of the eviction (*see* CPLR 215 [7]; *Urra v Friedman*, 231 AD2d 710, 710 [1996]; *Klishwick v Popovicki*, 186 AD2d 173, 174 [1992]).

Here, the defendant demonstrated, prima facie, that the plaintiff's time in which to commence this action had expired (*see J.A. Lee Elec., Inc. v City of New York*, 119 AD3d at 653; *Gkanios v D'Ambrosio*, 271 AD2d 488 [2000]; *Urra v Friedman*, 231 AD2d at 710). In opposition, the plaintiff failed to raise a question of fact as to whether the statute of limitations was tolled or was otherwise inapplicable, or whether he actually commenced the action within the applicable limitations period (*see Reid v Incorporated Vil. of Floral Park*, 107 AD3d at 778; *Williams v New York City Health & Hosps. Corp.*, 84 AD3d at 1359).

Accordingly, the Supreme Court properly denied the plaintiff's motion for leave to amend the complaint to add additional defendants and granted that branch of the defendant's cross motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint. Hall, J.P., Austin, Sgroi and LaSalle, JJ., concur.