4   Winifred Campone, Respondent, v Spyros Panos et al., Defendants, and Mid Hudson Medical Group, P.C., Appellant. [38 NYS3d 226]—

In an action, inter alia, to recover damages for medical malpractice, the defendant Mid Hudson Medical Group, P.C., appeals, as limited by its brief, from so much of an order of the Supreme Court, Dutchess County (Lubell, J.), dated November 29, 2012, as denied its motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against it as time-barred.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant Mid Hudson Medical Group, P.C., pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against it as time-barred is granted.

According to the plaintiff, on or about December 30, 2005, she sought treatment for her left knee and left shoulder from the defendant Spyros Panos, a physician employed by the defendant Mid Hudson Medical Group, P.C. (hereinafter Mid Hudson). On May 15, 2007, Panos performed surgery on the plaintiff's left shoulder. On May 6, 2008, Panos performed surgery on the plaintiff's left knee. On February 24, 2012, the plaintiff commenced this action against Mid Hudson, among others, inter alia, to recover damages for medical malpractice.

Mid Hudson moved pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against it as time-barred. The Supreme Court denied the motion, and Mid Hudson appeals.

"To dismiss a cause of action pursuant to CPLR 3211 (a) (5) on the ground that it is barred by the applicable statute of limitations, a defendant bears the initial burden of demonstrating, prima facie, that the time within which to commence the action has expired" (*Stewart v GDC Tower at Greystone*, 138 AD3d 729, 729 [2016]; *see Geotech Enters., Inc. v 181 Edgewater, LLC*, 137 AD3d 1213, 1214 [2016]; *Vissichelli v Glen-Haven Residential Health Care Facility, Inc.*, 136 AD3d 1021, 1022 [2016]; *Barry v Cadman Towers, Inc.*, 136 AD3d 951, 952 [2016]). "If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period" (*Barry v Cadman Towers, Inc.*, 136 AD3d at 952; *see Stewart v GDC Tower at Greystone*, 138 AD3d at 730; *Geotech Enters., Inc. v 181 Edgewater, LLC*, 137 AD3d at 1214; *Vissichelli v Glen-Haven Residential Health Care Facility, Inc.*, 136 AD3d at 1022). Here, in opposition to Mid Hudson's prima facie showing that the time in which to commence this action against it had expired, the plaintiff failed to raise a question of fact as to whether the statute of limitations was tolled pursuant to the continuous treatment doctrine (*see Curcio v Ippolito*, 63 NY2d 967, 969 [1984]; *cf. Vaughn v City of New York*, 4 AD3d 412, 414 [2004]; *Parker v Jankunas*, 227 AD2d 537, 537-538 [1996]).

The Supreme Court erred in denying Mid Hudson's motion as premature on the ground that discovery might have revealed evidence that would estop Mid Hudson from raising a statute of limitations defense. The plaintiff failed to allege any misconduct by Mid Hudson or its agents, upon which she relied, in failing to file a timely action against Mid Hudson (*see Tracy v Vassar Bros. Hosp.*, 130 AD3d 713, 714 [2015]; *Piccoli v Panos*, 130 AD3d 704, 705-706 [2015]; *Saretto v Panos*, 120 AD3d 786, 787 [2014]; *Plain v Vassar Bros. Hosp.*, 115 AD3d 922, 923 [2014]; *Butcher v Panos*, 115 AD3d 900, 901 [2014]). Therefore, the court should have granted Mid Hudson's motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against it as time-barred. Chambers, J.P., Dickerson, Duffy and Brathwaite Nelson, JJ., concur.