Ocean Gate Homeowners Assn., Inc. v T.W. Finnerty Prop. Mgt., Inc. (2018 NY Slip Op 05475)





Ocean Gate Homeowners Assn., Inc. v T.W. Finnerty Prop. Mgt., Inc.


2018 NY Slip Op 05475


Decided on July 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SANDRA L. SGROI
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2017-06119
 (Index No. 100918/15)

[*1]Ocean Gate Homeowners Association, Inc., respondent, 
v
T.W. Finnerty Property Management, Inc., appellant.


Lewis Brisbois Bisgaard & Smith LLP, New York, NY (Steven R. Montgomery and Jonathan P. Sellers of counsel), for appellant.
John Z. Marangos, Staten Island, NY, for respondent.



DECISION & ORDER
In an action to recover damages for breach of contract and negligence, the defendant appeals from an order of the Supreme Court, Richmond County (Desmond A. Green, J.), dated May 3, 2017. The order denied the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the second cause of action, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff is a homeowners' association that manages the common areas and business of a residential community located in Staten Island. The plaintiff allegedly entered into an agreement with the defendant pursuant to which the defendant would manage the affairs of the community.
The plaintiff commenced this action to recover damages for breach of contract and negligence. The plaintiff alleged that the defendant had breached its duty to pay certain real estate taxes on behalf of the residential community and to keep the plaintiff's corporate records current with the Secretary of State.
The defendant moved pursuant to CPLR 3211(a) to dismiss the complaint. The defendant argued that the second cause of action, alleging negligence, was duplicative of the first cause of action, alleging breach of contract, that both causes of action were untimely, and that documentary evidence conclusively established a defense as a matter of law. In the order appealed from, the Supreme Court denied the defendant's motion. The defendant appeals.
On a motion to dismiss pursuant to CPLR 3211(a), a court must "accept the facts as alleged in the complaint as true, accord plaintiff[ ] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88; see Kolchins v Evolution Mkts., Inc., 31 NY3d 100, 105-106). A [*2]motion pursuant to CPLR 3211(a)(1) to dismiss a complaint based on documentary evidence may be appropriately granted "only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; see Carbone v US Bank N.A., 156 AD3d 678, 679). The defendant bears the burden of demonstrating that the proffered evidence "conclusively refutes plaintiff's factual allegations" (Kolchins v Evolution Mkts., Inc., 31 NY3d at 106).
Here, contrary to the defendant's contention, it cannot be said that the documentary evidence it submitted in connection with its motion "conclusively refutes plaintiff's factual allegations" (id.; cf. Retty Fin., Inc. v Morgan Stanley Dean Witter & Co., 293 AD2d 341, 341). Accordingly, we agree with the Supreme Court's determination to deny that branch of the defendant's motion which was pursuant to CPLR 3211(a)(1) to dismiss the complaint.
"To dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the applicable statute of limitations, a defendant bears the initial burden of demonstrating, prima facie, that the time within which to commence the action has expired" (Stewart v GDC Tower at Greystone, 138 AD3d 729, 729; see Campone v Panos, 142 AD3d 1126, 1127). "If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period" (Barry v Cadman Towers, Inc., 136 AD3d 951, 952; see Stewart v GDC Tower at Greystone, 138 AD3d at 730).
Here, as the plaintiff correctly contends, the defendant failed to meet its prima facie burden of demonstrating "that the time within which to commence the action [had] expired" (Stewart v GDC Tower at Greystone, 138 AD3d at 729). Accordingly, we agree with the Supreme Court's determination to deny that branch of the defendant's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred.
However, the Supreme Court should have granted that branch of the defendant's motion which was to dismiss the second cause of action, which sought to recover damages for negligence. "[A] simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated" (Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 389; see Dormitory Auth. of the State of N.Y. v Samson Constr. Co., 30 NY3d 704, 711). "This legal duty must spring from circumstances extraneous to, and not constituting elements of, the contract, although it may be connected with and dependent upon the contract" (Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d at 389; see Board of Mgrs. of Beacon Tower Condominium v 85 Adams St., LLC, 136 AD3d 680, 684). "Merely charging a breach of a duty of due care', employing language familiar to tort law, does not, without more, transform a simple breach of contract into a tort claim" (Clark-Fitzpatrick, Inc. v Long Is. R. R. Co., 70 NY2d at 390; see Dormitory Auth. of the State of N.Y. v Samson Constr. Co., 30 NY3d at 711). "[W]here [a] plaintiff is essentially seeking enforcement of the bargain, the action should proceed under a contract theory" (Sommer v Federal Signal Corp., 79 NY2d 540, 552; see Dormitory Auth. of the State of N.Y. v Samson Constr. Co., 30 NY3d at 711).
Here, the complaint did not allege facts that would give rise to a duty owed to the plaintiff that is independent of the duty imposed by the parties' agreement. Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was to dismiss the second cause of action, which sought to recover damages for negligence (see New York Univ. v Continental Ins. Co., 87 NY2d 308, 319-320; Board of Mgrs. of Beacon Tower Condominium v 85 Adams St., LLC, 136 AD3d at 684; see also Dormitory Auth. of the State of N.Y. v Samson Constr. Co., 30 NY3d 704).
DILLON, J.P., SGROI, MILLER and VALERIE BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court