North Shore Invs. Realty Group, LLC v Traina (2019 NY Slip Op 01608)





North Shore Invs. Realty Group, LLC v Traina


2019 NY Slip Op 01608


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY, JJ.


2018-05094
 (Index No. 609050/15)

[*1]North Shore Investors Realty Group, LLC, respondent, 
v
Steven J. Traina, et al., appellants.


Young Law Group, PLLC, Bohemia, NY (Ivan E. Young of counsel), for appellants.
Margolin & Weinreb Law Group, LLP, Syosset, NY (Randy J. Schaefer of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants appeal from a judgment of foreclosure and sale of the Supreme Court, Suffolk County (John H. Rouse, J.), entered December 13, 2017. The appeal brings up for review an order of the same court dated January 15, 2016, which denied the defendants' motion pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred.
ORDERED that the judgment of foreclosure and sale is affirmed, with costs.
On August 21, 2015, the plaintiff commenced this action against the defendants to foreclose a mortgage encumbering residential real property. The defendants moved pursuant to CPLR 3211(a)(5) to dismiss the complaint as barred by the six-year statute of limitations. They argued that the mortgage was accelerated by a letter dated May 30, 2008, in which the plaintiff's predecessor-in-interest advised the defendants that, if they failed to pay the outstanding arrears due under the loan within 30 days, the "loan shall be accelerated effective the first day following expiration of the thirty day period." The plaintiff opposed the defendants' motion, and in an order dated January 15, 2016, the Supreme Court denied the motion. Thereafter, the court granted a motion by the plaintiff, inter alia, for summary judgment on the complaint and, subsequently, entered a judgment of foreclosure and sale in favor of the plaintiff. The defendants appeal.
"To dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the applicable statute of limitations, a defendant bears the initial burden of demonstrating, prima facie, that the time within which to commence the action has expired" (U.S. Bank N.A. v Gordon, 158 AD3d 832, 834-835 [internal quotation marks omitted]; see Campone v Panos, 142 AD3d 1126, 1127; Stewart v GDC Tower at Greystone, 138 AD3d 729). "If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period" (U.S. Bank N.A. v Gordon, 158 AD3d at 835 [internal quotation marks omitted]; see Stewart v GDC Tower at Greystone, 138 AD3d at 730; Barry v Cadman Towers, Inc., 136 AD3d 951, 952). Actions to foreclose upon a mortgage are governed by a six-year statute of limitations (see CPLR 213[4]; Milone v US Bank N.A., 164 AD3d 145; Wells Fargo Bank, N.A. v Eitani, 148 AD3d 193, 197; Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 986; Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982).
Here, the defendants failed to meet their prima facie burden of establishing that the time within which to commence the action had expired, as the letter dated May 30, 2008, "was nothing more than a letter discussing acceleration as a possible future event, which does not constitute an exercise of the mortgage's optional acceleration clause" (21st Mtge. Corp. v Adames, 153 AD3d 474, 475; see Milone v US Bank N.A., 164 AD3d at 152). Since the defendants did not contend that any other act by the plaintiff or its predecessor-in-interest accelerated the loan, the burden never shifted to the plaintiff to "present admissible evidence establishing that the action was timely or to raise a question of fact as to whether the action was timely" (U.S. Bank N.A. v Martin, 144 AD3d 891, 892; see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Accordingly, we agree with the Supreme Court's determination to deny the defendants' motion to dismiss the complaint.
MASTRO, J.P., ROMAN, COHEN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court