U.S. Bank N.A. v Greenberg (2019 NY Slip Op 02376)





U.S. Bank N.A. v Greenberg


2019 NY Slip Op 02376


Decided on March 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
HECTOR D. LASALLE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2016-12327
2017-03846
 (Index No. 52595/16)

[*1]U.S. Bank National Association, etc., respondent,
v
Howard Greenberg, etc., et al., appellants, et al., defendants.


Reich, Reich & Reich, P.C., White Plains, NY (Nicholas A. Pasalides of counsel), for appellants.
Sandelands Eyet LLP, New York, NY (Margaret S. Stefandl of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Howard Greenberg and Stefanie Greenberg appeal from (1) an order of the Supreme Court, Westchester County (Terry Jane Ruderman, J.), dated November 3, 2016, and (2) a judgment of foreclosure and sale of the same court dated March 23, 2017. The order, inter alia, denied those defendants' cross motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as time-barred. The judgment of foreclosure and sale, upon the order, is in favor of the plaintiff and against those defendants, inter alia, directing the sale of the subject real property.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
On June 23, 2005, the defendants Howard Greenberg and Stefanie Greenberg (hereinafter together the defendants) executed a note in the amount of $1,200,000 in favor of Countrywide Bank, which was secured by a mortgage on residential real property. In March 2009, the defendants allegedly defaulted under the terms of the loan. By letter dated March 19, 2009, Countrywide Home Loans Servicing, LP, the servicer of the loan, gave the defendants notice that they were in default and informed them that if they failed to cure their default by April 23, 2009, "the mortgage payments will be accelerated with the full amount remaining accelerated and becoming due and payable in full, and foreclosure proceedings will be initiated at that time" (emphasis in [*2]original).
On or about May 10, 2010, the plaintiff, as successor-in-interest to the note, commenced an action against the defendants to foreclose the mortgage (hereinafter the 2010 action). On July 31, 2014, the 2010 action was dismissed.
Thereafter, on March 2, 2016, the plaintiff, as successor-in-interest to the note, commenced the instant action against the defendants to foreclose the mortgage. The defendants answered and asserted, as an affirmative defense, that the complaint was time-barred. The plaintiff moved, inter alia, for summary judgment on the complaint, and the defendants cross-moved pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as time-barred. The Supreme Court granted the plaintiff's motion and denied the defendants' cross motion. Subsequently, the court entered a judgment of foreclosure and sale. The defendants appeal, arguing that the court should have granted their cross motion.
"To dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the applicable statute of limitations, a defendant bears the initial burden of demonstrating, prima facie, that the time within which to commence the action has expired" (U.S. Bank N.A. v Gordon, 158 AD3d 832, 834-835 [internal quotation marks omitted]; see Campone v Panos, 142 AD3d 1126, 1127; Stewart v GDC Tower at Greystone, 138 AD3d 729). "If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period" (U.S. Bank N.A. v Gordon, 158 AD3d at 835 [internal quotation marks omitted]; see Stewart v GDC Tower at Greystone, 138 AD3d at 730; Barry v Cadman Towers, Inc., 136 AD3d 951, 952). Actions to foreclose a mortgage are governed by a six-year statute of limitations (see CPLR 213[4]; Milone v US Bank N.A., 164 AD3d 145, 151; Wells Fargo Bank, N.A. v Eitani, 148 AD3d 193, 197; Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 986; Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982). "The law is well settled that, even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the statute of limitations begins to run on the entire debt" (Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d at 986 [internal quotation marks omitted]; see Stewart Tit. Ins. Co. v Bank of N.Y. Mellon, 154 AD3d 656, 659).
Here, the defendants failed to meet their prima facie burden of establishing that the time within which to commence the instant action had expired. Contrary to the defendants' contention, the March 19, 2009, default letter did not constitute an acceleration of the debt, as the letter "was nothing more than a letter discussing acceleration as a possible future event, which does not constitute an exercise of the mortgage's optional acceleration clause" (21st Mtge. Corp. v Adames, 153 AD3d 474, 475; see FBP 250, LLC v Wells Fargo Bank, N.A., 164 AD3d 1307, 1307-1308; Milone v US Bank N.A., 164 AD3d at 152). Rather, the debt was accelerated on or about May 10, 2010, by the filing of the summons and complaint in the 2010 action (see Deutsche Bank Natl. Trust Co. v Adrian, 157 AD3d 934, 935; Clayton Natl. v Guldi, 307 AD2d 982, 982), and the instant action, commenced on March 2, 2016, within six years of the acceleration, was timely. Since the defendants failed to meet their initial burden to demonstrate that the action was untimely, the burden never shifted to the plaintiff to "present admissible evidence establishing that the action was timely or to raise a question of fact as to whether the action was timely" (U.S. Bank N.A. v Martin, 144 AD3d 891, 892; see Alvarez v Prospect Hosp., 68 NY2d 320, 324). Accordingly we agree with the Supreme Court's determination to deny the defendants' cross motion.
MASTRO, J.P., LASALLE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court