HSBC Bank USA, N.A. v Gold (2019 NY Slip Op 02858)





HSBC Bank USA, N.A. v Gold


2019 NY Slip Op 02858


Decided on April 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-05187
 (Index No. 509253/15)

[*1]HSBC Bank USA, N.A., appellant,
v
Pinchas Gold, etc., respondent, et al., defendants.


Stern & Eisenberg, P.C., Depew, NY (Margaret J. Cascino, Anthony P. Scali, and Todd Baltch of counsel), for appellant.
Berg & David PLLC, Brooklyn, NY (Abraham David and Stefanie Murphy-Boykins of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated April 7, 2016. The order granted the motion of the defendant Pinchas Gold pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred.
ORDERED that the order is affirmed, with costs.
In February 1998, the defendant Pinchas Gold (hereinafter the defendant) executed and delivered to Republic Consumer Lending Group, Inc. (hereinafter Republic), a note promising to repay a loan in the amount of $100,000. To secure payment on the note, the defendant also executed and delivered to Republic a mortgage on residential property located in Brooklyn. The defendant defaulted on the mortgage payment due April 1, 2009, and on all payments due thereafter.
On June 24, 2009, HSBC Mortgage Corporation (USA) (hereinafter HSBC Mortgage), as assignee of the note and mortgage, commenced an action to foreclose the mortgage
(hereinafter the prior foreclosure action). Thereafter, in September 2011, HSBC Mortgage assigned the mortgage and note to the plaintiff. On August 7, 2014, the prior foreclosure action was dismissed.
On July 28, 2015, the plaintiff commenced the instant foreclosure action against the defendant, among others. The defendant moved pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred, arguing that the statute of limitations had expired on June 24, 2015, six years after the debt had been accelerated by the commencement of the prior foreclosure action. The Supreme Court granted the motion, and the plaintiff appeals.
"On a motion to dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground [*2]that it is barred by the statute of limitations, a defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired" (Wells Fargo Bank, N.A. v Burke, 155 AD3d 668, 669; see U.S. Bank N.A. v Joseph, 159 AD3d 968, 969). "If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period" (Barry v Cadman Towers, Inc., 136 AD3d 951, 952; see Stewart v GDC Tower at Greystone, 138 AD3d 729, 730). 
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). With respect to a mortgage payable in installments, separate causes of action accrue for each installment that is not paid and the statute of limitations begins to run on the date each installment becomes due (see Milone v US Bank N.A., 164 AD3d 145, 151; U.S. Bank N.A. v Joseph, 159 AD3d at 970; Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867; Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982). Once a mortgage debt is accelerated, however, the statute of limitations begins to run on the entire debt (see Milone v US Bank N.A., 164 AD3d at 151; U.S. Bank N.A. v Joseph, 159 AD3d at 970; Amrusi v Nwaukoni, 155 AD3d 814; Stewart Tit. Ins. Co. v Bank of N.Y. Mellon, 154 AD3d 656, 659). "A lender may revoke its election to accelerate the mortgage, but it must do so by an affirmative act of revocation occurring during the six-year statute of limitations period subsequent to the initiation of the prior foreclosure action" (Freedom Mtge. Corp. v Engel, 163 AD3d 631, 632 [internal quotation marks omitted]; see Deutsche Bank Natl. Trust Co. v Adrian, 157 AD3d 934, 935; NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d 1068, 1069-1070; EMC Mtge. Corp. v Patella, 279 AD2d 604, 606).
In support of his motion, the defendant demonstrated that the six-year statute of limitations (see CPLR 213[4]) began to run on the entire debt on June 24, 2009, when HSBC Mortgage accelerated the mortgage debt by commencing the prior foreclosure action (see Freedom Mtge. Corp. v Engel, 163 AD3d at 632; U.S. Bank, N.A. v Kess, 159 AD3d 767, 768; Deutsche Bank Natl. Trust Co. v Gambino, 153 AD3d 1232, 1233). Since the plaintiff did not commence the instant foreclosure action until July 28, 2015, which was more than six years after acceleration of the debt, the defendant met his initial burden of demonstrating, prima facie, that the instant action was untimely (see Milone v US Bank N.A., 164 AD3d at 153; U.S. Bank, N.A. v Kess, 159 AD3d at 768; Deutsche Bank Natl. Trust Co. v Adrian, 157 AD3d at 935).
In opposition, the plaintiff failed to raise a question of fact as to whether it revoked its election to accelerate the mortgage within the six-year limitations period. The plaintiff's sole argument in opposition was that its "failure to act [in the prior foreclosure action] was, in effect, an affirmative revocation of the acceleration by the Plaintiff." On appeal, the plaintiff has abandoned that argument, contending instead that (1) the mailing of a 90-day demand letter in October 2014, and a 30-day demand letter in April 2015, after the prior foreclosure action was dismissed, constituted a revocation of the prior acceleration, and (2), in any event, even if there were no revocation of the prior acceleration, its service of the RPAPL 1304 notice tolled the statute of limitations for 90 days. These arguments, which were not raised in the plaintiff's opposition to the defendant's motion before the Supreme Court, are not properly before this Court (see Beneficial Homeowner Serv. Corp. v Tovar, 150 AD3d 657, 659).
LEVENTHAL, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court