U.S. Bank N.A. v Gordon (2019 NY Slip Op 07437)





U.S. Bank N.A. v Gordon


2019 NY Slip Op 07437


Decided on October 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-07689
 (Index No. 709001/17)

[*1]U.S. Bank National Association, etc., respondent,
v
Steve Gordon, et al., appellants, et al., defendants.


Young Law Group, PLLC, Bohemia, NY (Ivan E. Young of counsel), for appellants.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Brian P. Scibetta of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Steve Gordon and Ashia Gordon appeal from an order of the Supreme Court, Queens County (Salvatore Modica, J.), dated March 16, 2018. The order denied those defendants' motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as time-barred.
ORDERED that the order is affirmed, with costs.
In November 2005, Steve Gordon and Ashia Gordon (hereinafter together the defendants) executed a note in the sum of $326,400 in favor of Encore Credit Corp., doing business as ECC Encore Credit. The note was secured by a mortgage on residential property located in Queens. The note and mortgage were later assigned to the plaintiff. Thereafter, America's Servicing Company (hereinafter ASC), the loan servicer, sent the defendants a notice of default dated September 21, 2008. The September 21, 2008, letter from ASC advised the defendants that the loan was in default and that, "[u]nless the payments on your loan can be brought current by October 21, 2008, it will become necessary to accelerate your Mortgage Note and pursue the remedies provided for in your Mortgage or Deed of Trust." Moreover, the letter warned that "failure to pay this delinquency, plus additional payments and fees that may become due, will result in the acceleration of your Mortgage Note. Once acceleration has occurred, a foreclosure action . . . may be initiated." The letter stated that "[t]o avoid the possibility of acceleration," the defendants were required to make certain payments by a specific time, or ASC "will proceed to automatically accelerate your loan."
On June 29, 2017, the plaintiff commenced this action against the defendants, among others, to foreclose the mortgage. The defendants moved, pre-answer, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as time-barred. The defendants contended that ASC's September 21, 2008, letter accelerated the mortgage loan. The Supreme Court denied the motion, and the defendants appeal.
"To dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the applicable statute of limitations, a defendant bears the initial burden of demonstrating, prima facie, that the time within which to commence the action has expired" (U.S. Bank N.A. v [*2]Gordon, 158 AD3d 832, 834-835 [internal quotation marks omitted]; see U.S. Bank N.A. v Greenberg, 170 AD3d 1237; Campone v Panos, 142 AD3d 1126, 1127; Stewart v GDC Tower at Greystone, 138 AD3d 729, 729). "If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period" (U.S. Bank N.A. v Gordon, 158 AD3d at 835 [internal quotation marks omitted]; see Stewart v GDC Tower at Greystone, 138 AD3d at 730).
Actions to foreclose a mortgage are governed by a six-year statute of limitations (see CPLR 213[4]; Milone v US Bank N.A., 164 AD3d 145, 151; Wells Fargo Bank, N.A. v Eitani, 148 AD3d 193, 197; Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 986; Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982). " [E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt'" (Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d at 986, quoting EMC Mtge. Corp. v Patella, 279 AD2d 604, 605).
Where the acceleration of the maturity of a mortgage debt is made optional with the holder of the note and mortgage, " some affirmative action must be taken evidencing the holder's election to take advantage of the accelerating provision, and until such action has been taken the provision has no operation'" (U.S. Bank N.A. v Gordon, 158 AD3d at 835, quoting Wells Fargo Bank, N.A. v Burke, 94 AD3d at 982-983; see Reverse Mtge. Solutions, Inc. v Fattizzo, 172 AD3d 768). Acceleration may occur, inter alia, when an acceleration notice that is clear and unequivocal is transmitted to the borrower by the creditor or the creditor's servicer, or when a creditor commences an action to foreclose a mortgage and seeks, in the complaint, payment of the full balance due on the underlying note (see Milone v US Bank, N.A., 164 AD3d at 152).
Contrary to the defendants' contention, the September 21, 2008, letter from ASC did not serve to accelerate the mortgage debt, as the language therein was "merely an expression of future intent that fell short of an actual acceleration" (Milone v US Bank N.A., 164 AD3d at 152; see Bank of N.Y. Mellon v Morris, 172 AD3d 1150; U.S. Bank N.A. v Greenberg, 170 AD3d 1237; FBP 250, LLC v Wells Fargo Bank, N.A., 164 AD3d 1307, 1309; DLJ Mtge. Capital, Inc. v Hirsh, 161 AD3d 944, 945; 21st Mtge. Corp. v Adames, 153 AD3d 474, 475). Therefore, the defendants failed to satisfy their initial burden of demonstrating, prima facie, that the time within which to commence the action has expired (see U.S. Bank N.A. v Greenberg, 170 AD3d 1237; U.S. Bank N.A. v Gordon, 158 AD3d at 834-835; Campone v Panos, 142 AD3d at 1127; Stewart v GDC Tower at Greystone, 138 AD3d at 729).
Accordingly, we agree with the Supreme Court's determination denying the defendants' motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against them as time-barred.
AUSTIN, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court