Pennymac Corp. v McGlade (2019 NY Slip Op 07408)





Pennymac Corp. v McGlade


2019 NY Slip Op 07408


Decided on October 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2017-10553
 (Index No. 31936/16)

[*1]Pennymac Corp., appellant, 
v
Jeannine McGlade, et al., respondents, et al., defendants.


Blank Rome LLP, New York, NY (Diana M. Eng and Timothy W. Salter of counsel), for appellant.
Brown, Burgoon & Hartnagel, P.C., Bardonia, NY (William J. Hartnagel of counsel), for respondents.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Rockland County (Gerald E. Loehr, J.), dated August 23, 2017. The order, insofar as appealed from, granted that branch of the cross motion of the defendants Jeannine McGlade and Andrew Pek which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them as barred by the statute of limitations.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the cross motion of the defendants Jeannine McGlade and Andrew Pek which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them as barred by the statute of limitations is denied.
In October 2007, the defendants Jeannine McGlade and Andrew Pek (hereinafter together the defendants) executed a note in the sum of $993,700 in favor of NJ Lenders Corp. (hereinafter NJ Lenders). The note was secured by a mortgage, executed by McGlade, on residential property located in South Nyack. In an assignment dated November 20, 2009, Mortgage Electronic Registration Systems, Inc., as nominee for NJ Lenders, assigned the note and mortgage to Citimortgage, Inc. (hereinafter Citimortgage).
On June 2, 2010, Citimortgage commenced an action to foreclose the mortgage (hereinafter the 2010 action) against the defendants, among others. In an assignment dated October 15, 2012, Citimortgage assigned the note and mortgage to Pennymac Corp. (hereinafter the plaintiff). Thereafter, the 2010 action was discontinued pursuant to a stipulation of discontinuance filed with the Supreme Court on February 11, 2014.
On May 31, 2016, the plaintiff commenced this action to foreclose the mortgage against the defendants, among others. The defendants interposed an answer in which they asserted various affirmative defenses, including that the action was time-barred. The plaintiff moved, inter alia, for summary judgment on the complaint and for an order of reference. The defendants cross-moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them as barred by the statute of limitations. In support of their cross motion, the defendants [*2]submitted, among other things, the complaint in the 2010 action. In an order dated August 23, 2017, the Supreme Court, inter alia, granted that branch of the defendants' cross motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them as barred by the statute of limitations. The plaintiff appeals.
"To dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the applicable statute of limitations, a defendant bears the initial burden of demonstrating, prima facie, that the time within which to commence the action has expired" (U.S. Bank N.A. v Gordon, 158 AD3d 832, 834-835 [internal quotation marks omitted]; see U.S. Bank N.A. v Greenberg, 170 AD3d 1237; Campone v Panos, 142 AD3d 1126, 1127; Stewart v GDC Tower at Greystone, 138 AD3d 729, 729). "If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period" (U.S. Bank N.A. v Gordon, 158 AD3d at 835 [internal quotation marks omitted]; see Stewart v GDC Tower at Greystone, 138 AD3d at 730). Actions to foreclose a mortgage are governed by a six-year statute of limitations (see CPLR 213[4]; Milone v US Bank N.A., 164 AD3d 145, 151; Wells Fargo Bank, N.A. v Eitani, 148 AD3d 193, 197; Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 986; Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982). " The law is well settled that, even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the [s]tatute of [l]imitations begins to run on the entire debt'" (Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d at 986, quoting EMC Mtge. Corp. v Patella, 279 AD2d 604, 605). An acceleration of a mortgage debt can occur, inter alia, when a creditor commences an action to foreclose a mortgage and seeks, in the complaint, payment of the full balance due on the underlying note (see Wells Fargo Bank, N.A. v Lefkowtiz, 171 AD3d 843; Milone v US Bank, N.A., 164 AD3d at 152; Deutsche Bank Natl. Trust Co. v Adrian, 157 AD3d 934, 935).
Here, the defendants failed to sustain their initial burden of demonstrating, prima facie, that the time within which to commence the instant action had expired (see U.S. Bank N.A. v Greenberg, 170 AD3d 1237). The evidence submitted by the defendants in support of their cross motion established that the mortgage debt was accelerated on June 2, 2010, when Citimortgage commenced the 2010 action and sought, in the complaint, payment of the full balance due (see U.S. Bank N.A. v Greenberg, 170 AD3d 1237; Deutsche Bank Natl. Trust Co. v Adrian, 157 AD3d at 935; Clayton Natl. v Guldi, 307 AD2d 982, 982). As such, this action, which was commenced on May 31, 2016, is timely as it was commenced less than six years later. Contrary to the defendants' contention, nothing in their submissions demonstrated that the mortgage debt was accelerated prior to June 2, 2010. Since the defendants failed to meet their initial burden of demonstrating that the action was untimely, the burden never shifted to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period (see U.S. Bank N.A. v Greenberg, 170 AD3d 1237).
In light of our determination, the parties' remaining contentions need not be reached.
Accordingly, the Supreme Court should have denied that branch of the defendants' cross motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them as barred by the statute of limitations.
DILLON, J.P., COHEN, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court