Rad & D'Aprile, Inc. v Arnell Constr. Corp. (2022 NY Slip Op 01472)





Rad & D'Aprile, Inc. v Arnell Constr. Corp.


2022 NY Slip Op 01472


Decided on March 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2019-05783
 (Index No. 502464/14)

[*1]Rad and D'Aprile, Inc., etc., respondent-appellant,
v
Arnell Construction Corp., appellant-respondent.


Harras Bloom & Archer LLP, Melville, NY (Tara D. McDevitt of counsel), for appellant-respondent.
Michael L. Chartan, Great Neck, NY, for respondent-appellant.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals, and the plaintiff cross-appeals, from an order of the Supreme Court, Kings County (Sylvia G. Ash, J.), dated April 3, 2019. The order, insofar as appealed from, denied that branch of the defendant's motion which was for summary judgment dismissing the second cause of action, which alleged breach of the implied covenant of good faith and fair dealing, and granted that branch of the plaintiff's cross motion which was for summary judgment on that cause of action. The order, insofar as cross-appealed from, granted that branch of the defendant's motion which was for summary judgment dismissing the first cause of action, which alleged breach of contract for failure to pay the balance due pursuant to a subcontract, and denied the plaintiff's cross motion for summary judgment on that cause of action.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
In this action, the plaintiff seeks to recover the balance allegedly due pursuant to a construction subcontract between the parties, and to recover damages for the defendant's failure to prosecute a pass-through claim for delay damages against the City of New York pursuant to a liquidating agreement between the parties.
The Supreme Court incorrectly applied the doctrine of judicial estoppel to preclude the defendant's argument that the subcontract was not entered into until September 29, 2003. However, regardless of the applicability of the doctrine of judicial estoppel, the defendant's contention is without merit. The subcontract is dated August 22, 2001, and was executed by both parties.
The cause of action alleging breach of the implied covenant of good faith and fair dealing is not barred by the no-damages-for-delay clause in the contract between the defendant and the City. Generally, even with such a clause, damages may be recovered for: (1) delays caused by the contractee's bad faith or its willful, malicious, or grossly negligent conduct, (2) uncontemplated delays, (3) delays so unreasonable that they constitute an intentional abandonment of the contract by the contractee, and (4) delays resulting from the contractee's breach of a fundamental obligation of the contract (see Corinno Civetta Constr. Corp. v City of New York, 67 NY2d 297, 309; Arnell [*2]Constr. Corp. v New York City Sch. Constr. Auth., 177 AD3d 595). Here, the delays at issue were caused by the City, because the City did not have title to the project site. Even after the City acquired title, the entire site was not available for the project because the City continued to allow the prior owner to operate its main facility at the premises. This was a breach of a fundamental obligation of the contract (see Corinno Civetta Constr. Corp. v City of New York, 67 NY2d at 313).
The plaintiff established that the defendant breached the implied covenant of good faith and fair dealing by failing to timely prosecute the plaintiff's pass-through claim against the City. The implied covenant of good faith and fair dealing between parties to a contract embraces a pledge that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract. It encompasses any promises that a reasonable person in the position of the promisee would be justified in understanding were included (see Moran v Erk, 11 NY3d 452, 456-457; 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 153). As this Court observed on a prior appeal, the contractual covenant of good faith and fair dealing is implied in a liquidating agreement, as in every contract (see Rad & D'Aprile, Inc. v Arnell Constr. Corp., 159 AD3d 971, 973). The covenant of good faith and fair dealing required the defendant to take all reasonable steps so that the plaintiff's right to an eventual recovery, if any, from the City would be protected (see Martin Mech. Corp. v Mars Assoc., 158 AD2d 280). Here, the defendant did not take all reasonable steps to protect the plaintiff's right to recovery, as it failed to timely commence the action against the City, resulting in the dismissal of that action, as well as the plaintiff's pass-through claim (see id. at 281). The defendant further breached the covenant of good faith and fair dealing when it failed to inform the plaintiff of a settlement with the City and to provide it any compensation from the proceeds of that settlement.
The Supreme Court did not err in granting that branch of the defendant's motion which was for summary judgment dismissing the first cause of action, which alleged breach of contract for failure to pay the balance due pursuant to a subcontract, and in denying the plaintiff's cross motion for summary judgment on that cause of action. The first cause of action is governed by the terms of the subcontract, and is subject to the six-year statute of limitations in CPLR 213(2). A breach of contract cause of action accrues at, and the statute of limitations begins to run from, the time of the breach (see John J. Kassner & Co. v City of New York, 46 NY2d 544, 550). The obligation to pay arises and the cause of action accrues when any conditions to the right to final payment have been fulfilled (see id. at 550). Here, the cause of action accrued no later than December 27, 2007, when the City issued notice of substantial completion of the work (see Berardi Constr. Corp. v Manshul Constr. Corp., 149 AD2d 387). The plaintiff did not commence this action until March 21, 2014, more than six years after the first cause of action accrued. Further, the plaintiff does not have a cause of action for money had and received, which sounds in quasi-contract and arises only in the absence of an agreement (see Goldman v Simon Prop. Group, Inc., 58 AD3d 208).
The defendant's remaining contentions are without merit or need not be reached in light of our determination.
DILLON, J.P., MILLER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court