Trujillo v Collado (2023 NY Slip Op 03369)

Trujillo v Collado

2023 NY Slip Op 03369

Decided on June 21, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 21, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
WILLIAM G. FORD, JJ.

2020-05207
 (Index No. 708340/19)

[*1]Francisca Trujillo, plaintiff, 
v
Edwin Collado, defendant third-party plaintiff-respondent; Anthony Trujillo, third-party defendant-appellant.

Buchanan Ingersoll & Rooney, P.C., New York, NY (Keith A. Lazere and Stuart P. Slotnick of counsel), for third-party defendant-appellant.
Gerard J. White, P.C., Malverne, NY, for defendant third-party plaintiff-respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for fraud, the third-party defendant appeals from an order of the Supreme Court, Queens County (Rudolph E. Greco, Jr., J.), entered May 15, 2020. The order denied the motion of the third-party defendant pursuant to CPLR 3211(a) to dismiss the third-party complaint.
ORDERED that the order is modified, on the law, by deleting the provisions thereof denying those branches of the motion of the third-party defendant pursuant to CPLR 3211(a) which were to dismiss the third-party cause of action to recover damages for fraud and so much of the third-party cause of action to recover damages for breach of contract as was predicated upon the third-party defendant's alleged failure to repay funds due to the third-party plaintiff between 1998 and May 2013, and to pay to the third-party plaintiff certain rental income allegedly due to the third-party plaintiff prior to October 25, 2013, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.
In May 2019, the plaintiff, Francisca Trujillo, commenced this action against Edwin Collado, inter alia, to recover damages for fraud in connection with her transfer to him of real property located in Corona (hereinafter the subject property) in May 2013. On October 25, 2019, Collado commenced a third-party action against the third-party defendant, Anthony Trujillo (hereinafter Trujillo), the plaintiff's son, to recover damages for breach of contract and fraud, and for indemnification.
On January 6, 2020, Trujillo filed a pre-answer motion pursuant to CPLR 3211(a) to dismiss the third-party complaint, asserting that the causes of action were time-barred, that the third-party complaint failed to state a cause of action for fraud with the requisite particularity, and that the breach of contract claims were barred by the statute of frauds. By order entered May 15, 2020, the Supreme Court denied the motion, concluding that the motion was untimely and, in any event, without merit. Trujillo appeals.
Contrary to the Supreme Court's conclusion, Trujillo's pre-answer motion pursuant to CPLR 3211(a) was not untimely, as it was made before service of the responsive pleading was [*2]required (see id. § 3211[e]). Specifically, Trujillo was served with the third-party complaint pursuant to CPLR 308(4), by affixing a copy of the summons and third-party complaint to his door on November 8, 2019, and mailing a copy of the summons and third-party complaint to him within two days of such affixing. The affidavit of service was filed with the court on November 25, 2019.
CPLR 320(a) provides, in pertinent part, that where, as here, process is served pursuant to CPLR 308(4), the defendant's appearance by answer, notice of appearance, or motion having the effect of extending the time to answer, must be made within 30 days after service is complete. Service via "affix and mail" is complete 10 days after proof of service is filed with the court (see CPLR 308[4]). Thus, service of the third-party complaint in the present case was complete on December 5, 2019, 10 days after the filing of proof of service. Trujillo's appearance therefore would have been required by January 4, 2020, except that January 4, 2020, fell on a Saturday, such that the time for Trujillo's appearance was extended to Monday, January 6, 2020 (see General Construction Law § 25-a; see also id. § 19). The motion to dismiss was therefore timely.
To the extent that the third-party complaint sought to recover damages for fraud, it failed to properly plead all of the requisite elements of fraud with sufficient particularity (see CPLR 3016[b]; Asamblea De Iglesias Christianas, Inc. v DeVito, 210 AD3d 843, 845). Accordingly, so much of the third-party complaint as sought to recover damages for fraud should have been dismissed (see Asamblea De Iglesias Christianas, Inc. v DeVito,210 AD3d at 845).
Further, as Trujillo correctly contends, so much of the third-party complaint as sought to recover damages for breach of contract predicated upon Trujillo's alleged failure to repay loans made to him by Collado beginning in 1998, for which Collado demanded repayment in May 2013, was time-barred (see CPLR 213; Matter of Hollis, 180 AD3d 680, 682; Pugni v Giannini, 163 AD3d 1018; see generally Swift v New York Med. Coll., 25 AD3d 686, 687). Contrary to Collado's contention, Trujillo's alleged oral assurances that the loans would be repaid did not serve to revive these time-barred claims (see General Obligations Law § 17-101; Pugni v Giannini, 163 AD3d 1018).
Similarly, so much of the third-party complaint as sought to recover damages for breach of contract predicated upon Trujillo's alleged failure to pay Collado a certain percentage of rental income collected from the subject property prior to October 25, 2013, should have been dismissed as time-barred (see CPLR 213). The claims to recover such rental income allegedly due to Collado subsequent to that date are timely, and thus, properly were not subject to dismissal.
The Supreme Court also correctly determined that so much of the third-party complaint as sought to recover damages for breach of contract predicated upon the breach of an alleged 2013 agreement to transfer the subject property to Collado in partial repayment of debts (hereinafter the 2013 agreement) was not time-barred. "Generally, 'a breach of contract cause of action accrues at the time of the breach'" (Fairlane Fin. Corp. v Scipione, 174 AD3d 577, 578, quoting Ely-Cruikshank Co. v Bank of Montreal, 81 NY2d 399, 402). The third-party complaint alleges that the commencement of the first-party action constituted a breach of the 2013 agreement. Since the act allegedly constituting the breach of the 2013 agreement occurred within the same year as the commencement of the instant third-party action, the breach of contract claim predicated upon that alleged breach of the 2013 agreement is not time-barred.
Nor is this breach of contract claim barred by General Obligations Law § 5-701(a)(1), as Trujillo contends, since it was not impossible for the alleged 2013 agreement to be performed within one year of its making (see Petkanas v Petkanas, 191 AD3d 708; Can Man Carting, LLC v Spiezio, 165 AD3d 1029, 1031).
Trujillo's contention that Collado's breach of contract claims fail to state a cause of action is not properly before this Court as it is improperly raised for the first time on appeal, in his reply brief (see Rodriguez v Sheridan One Co., LLC, 177 AD3d 801, 802).
Trujillo's remaining contention, that the cause of action for indemnification was [*3]time-barred, is without merit (see McDermott v City of New York, 50 NY2d 211).
Accordingly, we modify the order appealed from so as to grant those branches of Trujillo's motion pursuant to CPLR 3211(a) which were to dismiss the third-party cause of action to recover damages for fraud and so much of the third-party cause of action to recover damages for breach of contract as was predicated upon Trujillo's alleged failure to repay funds due to Collado between 1998 and May 2013 and to pay Collado rental income allegedly due to him prior to October 25, 2013, and otherwise affirm.
CONNOLLY, J.P., IANNACCI, MILLER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court