Compensation Guidance, Inc. v Ashnu Intl., Inc. (2023 NY Slip Op 04984)

Compensation Guidance, Inc. v Ashnu Intl., Inc.

2023 NY Slip Op 04984

Decided on October 4, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2021-07884
 (Index No. 516998/19)

[*1]Compensation Guidance, Inc., appellant, 
v
Ashnu International, Inc., respondent.

Avram E. Frisch, New York, NY, for appellant.
Alizio & Galfunt, LLP, Mineola, NY (Neil B. Galfunt of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated October 22, 2021. The order, insofar as appealed from, denied the plaintiff's motion for summary judgment on the cause of action to recover damages for breach of contract.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2017, the parties entered into a consulting agreement. Pursuant to the agreement, the plaintiff was to review the defendant's "current and past" workers' compensation policies, audits, and payroll information to detect errors and/or overcharges. Upon receipt of any savings, the plaintiff would be entitled to a 45% share of the savings incurred "FROM [THEIR] WORK." The agreement specified that "[the plaintiff's] fee only applies to [the defendant's] Workers Compensation 2017 renewal, current and past policies, except when there is a delay in the implementation of our recommendations."
The plaintiff commenced this action, inter alia, to recover damages for breach of contract. The plaintiff subsequently moved for summary judgment on the cause of action to recover damages for breach of contract. In an order entered October 22, 2021, the Supreme Court, among other things, denied the plaintiff's motion. The plaintiff appeals.
"The essential elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach" (R. Vig Props., LLC v Rahimzada, 213 AD3d 871, 873 [internal quotation marks omitted]; see Fairlane Fin. Corp. v Longspaugh, 144 AD3d 858, 859). "[A] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (Greenfield v Philles Records, 98 NY2d 562, 569; see Village of Spring Val. v Post Off. Sq., LLC, 211 AD3d 885, 888; Roman Catholic Diocese of Brooklyn, N.Y. v Christ the King Regional High Sch., 164 AD3d 1390, 1393). "It is the role of the courts to enforce the agreement made by the parties—not to add, excise or distort the meaning of the terms they chose to include, thereby creating a new contract under the guise of construction" (NML Capital v Republic of Argentina, 17 NY3d 250, 259-260; see Roman Catholic Diocese of Brooklyn, N.Y. v Christ the King Regional High Sch., 164 AD3d at 1393).
Here, the Supreme Court properly denied the plaintiff's motion for summary judgment on the cause of action to recover damages for breach of contract. Questions of fact exist as to whether the plaintiff's work was performed pursuant to the terms of the parties' agreement.
The parties' remaining contentions are without merit.
LASALLE, P.J., CONNOLLY, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court