Five Star Elec. Corp. v Skanska USA Bldg., Inc. (2023 NY Slip Op 05588)

Five Star Elec. Corp. v Skanska USA Bldg., Inc.

2023 NY Slip Op 05588

Decided on November 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2022-00562
 (Index No. 705499/20)

[*1]Five Star Electric Corp., appellant, 
v
Skanska USA Building, Inc., et al., respondents.

Arthur J. Semetis, P.C., New York, NY (Michael J. McDermott of counsel), for appellant.
Peckar & Abramson, P.C., New York, NY (Alan Winkler of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Leonard Livote, J.), entered January 19, 2022. The order, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(5) to dismiss the cause of action alleging breach of contract.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was pursuant to CPLR 3211(a)(5) to dismiss the cause of action alleging breach of contract is denied.
The defendant Skanska USA Building, Inc. (hereinafter Skanska), was the general contractor on a school construction project for the New York City School Construction Authority (hereinafter the SCA). Skanska subcontracted with the plaintiff to perform certain electrical work and to install a fire alarm system. The subcontract provided that payment from the SCA to Skanska on account of the plaintiff's work was a condition precedent to payment by Skanska to the plaintiff. The plaintiff submitted requests for payment based upon unpaid contract balances, an amount due based on change orders, and delay damages. The plaintiff was advised, as late as January 2020, that the SCA was still reviewing the requests and therefore could not make a final payment to Skanska.
On May 26, 2020, the plaintiff commenced this action, inter alia, to recover damages for breach of contract. The defendants moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the cause of action alleging breach of contract on the ground that it was time-barred. The Supreme Court, among other things, granted that branch of the defendants' motion, and the plaintiff appeals.
"In moving to dismiss a cause of action pursuant to CPLR 3211(a)(5) as barred by the applicable statute of limitations, a defendant bears the initial burden of demonstrating, prima facie, that the time within which to commence the action has expired. The burden then shifts to the plaintiff to raise an issue of fact as to whether the statute of limitations was tolled or was otherwise inapplicable, or whether it actually commenced the action within the applicable limitations period" (Matteawan On Main, Inc. v City of Beacon, 109 AD3d 590, 590 [internal citations omitted]).
The breach of contract cause of action is governed by the terms of the subject contract and is subject to the six-year statute of limitations in CPLR 213(2). A breach of contract cause of action accrues at, and the statute of limitations begins to run from, the time of the breach (see Rad & D'Aprile, Inc. v Arnell Constr. Corp., 203 AD3d 855, 858). "[A]s a general rule, when the right to final payment is subject to a condition, the obligation to pay arises and the cause of action accrues, only when the condition has been fulfilled" (John J. Kassner & Co. v City of New York, 46 NY2d 544, 550).
Here, the subcontract makes explicit that payment from the SCA to Skanska was a condition precedent to Skanska's payment to the plaintiff (see id.). In opposition to the defendant's motion, the plaintiff submitted evidence that, as late as January 2020, the SCA was still reviewing the plaintiff's requests for payment and had not yet made payment to Skanska for the benefit of the plaintiff on account of those requests for payment. Accordingly, the Supreme Court erred in granting dismissal of the cause of action alleging breach of contract on the ground that it was time-barred.
BARROS, J.P., CHAMBERS, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court