Okafor v Okafor Bldg. Corp. (2025 NY Slip Op 03731)

Okafor v Okafor Bldg. Corp.

2025 NY Slip Op 03731

Decided on June 18, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 18, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BARRY E. WARHIT
CARL J. LANDICINO
LOURDES M. VENTURA, JJ.

2023-02887
2024-01623
 (Index No. 700819/21)

[*1]Anne Okafor, respondent, 
v
Okafor Building Corp., et al., appellants.

Hirschel Law Firm, P.C., Valley Stream, NY (Daniel Hirschel of counsel), for appellants Okafor Building Corp. and Nkemkude Okafor.
Khari Peter Prescod, New York, NY, for appellant Hillary Okafor.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, (1) the defendants Okafor Building Corp. and Nkemkude Okafor appeal, and the defendant Hillary Okafor separately appeals, from an order and judgment (one paper) of the Supreme Court, Queens County (Ulysses B. Leverett, J.), entered February 1, 2023, and (2) the defendants Okafor Building Corp. and Nkemkude Okafor appeal from an order and judgment (one paper) of the same court entered January 17, 2024. The order and judgment entered February 1, 2023, insofar as appealed from, granted that branch of the plaintiff's motion which was, in effect, to compel the defendants to comply with a decision of the same court (Elizabeth Yablon, Ct. Atty. Ref) dated November 4, 2019, and directed them to transfer the subject properties to the plaintiff in exchange for the sum of $150,000. The order and judgment entered January 17, 2024, insofar as appealed from, upon reargument, adhered to the determination in the order and judgment entered February 1, 2023, granting that branch of the plaintiff's motion which was, in effect, to compel the defendants Okafor Building Corp. and Nkemkude Okafor to comply with the decision and directing them to transfer the subject properties to the plaintiff in exchange for the sum of $150,000.
ORDERED that the appeal by the defendants Okafor Building Corp. and Nkemkude Okafor from the order and judgment entered February 1, 2023, is dismissed, without costs or disbursements, as the portion of the order and judgment appealed from by those defendants was superseded by the order and judgment entered January 17, 2024, made upon reargument; and it is further,
ORDERED that the order and judgment entered February 1, 2023, is affirmed insofar as appealed from by the defendant Hillary Okafor, without costs or disbursements; and it is further,
ORDERED that the order and judgment entered January 17, 2024, is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff and the defendant Hillary Okafor were married in 1985 and have five children together, including the defendant Nkemkude Okafor. During the marriage, the plaintiff and Hillary both acquired title to certain real property in Rosedale, which served as the marital home, and [*2]Hillary acquired title to certain real property in South Ozone Park. In 2004, Hillary commenced an action for a divorce and ancillary relief against the plaintiff. In 2008, the plaintiff and Hillary executed a stipulation of settlement in the divorce action, which, inter alia, required the plaintiff to pay Hillary the sum of $150,000 for the South Ozone Park property and required Hillary to "execute the [d]eeds and transfer documents in order to place" both properties solely "in the [plaintiff's] name." According to the plaintiff, Hillary failed to comply with the terms of the stipulation. By deed dated February 13, 2014, Hillary conveyed the South Ozone Park property to Nkemkude. By deed dated July 3, 2014, Nkemkude conveyed the South Ozone Park property to the defendant Okafor Building Corp. (hereinafter, together with Nkemkude, the Nkemkude defendants), an entity which he "control[led]."
In July 2016, the plaintiff commenced this action against Hillary and the Nkemkude defendants, asserting causes of action alleging breach of contract and fraudulent conveyance. The Supreme Court referred the action to a court attorney referee, who presided over a nonjury trial (see CPLR 4318). In a decision dated November 4, 2019, the court attorney referee concluded, among other things, that the breach of contract cause of action was not time-barred and that the "properties shall be placed solely in the name of [the plaintiff] in exchange for payment by her of $150,000" (hereinafter the 2019 decision).
In August 2022, the plaintiff moved, inter alia, in effect, to compel the defendants to comply with the 2019 decision. In support of the motion, the plaintiff's counsel averred that the plaintiff had deposited the sum of $150,000 in the escrow account of counsel's law firm for the purpose of completing the transaction directed in the 2019 decision. The Nkemkude defendants opposed the motion, as did Hillary. In an order and judgment entered February 1, 2023, the Supreme Court, among other things, granted that branch of the plaintiff's motion which was, in effect, to compel the defendants to comply with the 2019 decision and directed them to transfer the properties to the plaintiff in exchange for the sum of $150,000. Hillary and the Nkemkude defendants separately appeal.
Thereafter, the Nkemkude defendants moved, inter alia, in effect, for leave to reargue their opposition to that branch of the plaintiff's motion which was, in effect, to compel them to comply with the 2019 decision. In support, the Nkemkude defendants argued, among other things, that the breach of contract cause of action was time-barred and that, upon dismissal thereof, the fraudulent conveyance cause of action must also be dismissed, as it purportedly hinged on the existence of a valid breach of contract cause of action. In an order and judgment entered January 17, 2024, the Supreme Court, inter alia, granted reargument and, upon reargument, adhered to the determination in the order and judgment entered February 1, 2023, granting that branch of the plaintiff's motion which was, in effect, to compel the Nkemkude defendants to comply with the 2019 decision and directing them to transfer the properties to the plaintiff in exchange for the sum of $150,000. The Nkemkude defendants appeal.
"The essential elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach" (Compensation Guidance, Inc. v Ashnu Intl., Inc., 220 AD3d 683, 684 [internal quotation marks omitted]). "The statute of limitations for a cause of action alleging breach of contract is six years" (Filasky v Andover Cos., 230 AD3d 1297, 1299-1300, citing CPLR 213[2]). "As a general principle, the statute of limitations begins to run when a cause of action accrues, that is, when all of the facts necessary to the cause of action have occurred so that the party would be entitled to obtain relief in court" (County of Suffolk v Suburban Hous. Dev. & Research, Inc., 160 AD3d 607, 609 [citation and internal quotation marks omitted]). "A breach of contract cause of action accrues at, and the statute of limitations begins to run from, the time of the breach" (Rad & D'Aprile, Inc. v Arnell Constr. Corp., 203 AD3d 855, 858; see Ely-Cruikshank Co. v Bank of Montreal, 81 NY2d 399, 402). Here, contrary to the defendants' contentions, the Supreme Court, in effect, correctly determined that the breach of contract cause of action was not time-barred (see Morrow v Vibration Mountings & Controls, Inc., 223 AD3d 736, 738; Trujillo v Collado, 217 AD3d 891, 893).
The defendants' remaining contentions are without merit.
DILLON, J.P., WARHIT, LANDICINO and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court