Board of Mgrs. of Top of the Ridge Condominiums v Uhlfelder (2025 NY Slip Op 03993)

Board of Mgrs. of Top of the Ridge Condominiums v Uhlfelder

2025 NY Slip Op 03993

Decided on July 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2024-00927
 (Index No. 62090/23)

[*1]Board of Managers of Top of The Ridge Condominiums, etc., appellant,
v William Uhlfelder, respondent.

Handel & Carlini, LLP, Poughkeepsie, NY (Anthony C. Carlini, Jr., and Christina Tomaselli of counsel), for appellant.
Feinstein & Naishtut, LLP, Rye Brook, NY (Norman B. Naishtut of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated January 10, 2024. The order granted the defendant's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred is denied.
In June 2023, the plaintiff commenced this action to recover damages for breach of contract against the defendant, a unit owner within the subject condominium. The plaintiff alleged that the defendant or his contractors negligently performed certain work in his unit, including the replacement of windows, which caused water infiltration into the common areas of the building. The plaintiff further alleged, inter alia, that the defendant had breached Article V, Section 10(b) (hereinafter Section 10[b]) of the condominium's bylaws by refusing to reimburse the plaintiff for the cost of repairs the plaintiff had to undertake to fix the damage to the common areas of the building caused by the defendant's negligence. Section 10(b) provides, in pertinent part, that "[a]ll maintenance, repairs and replacements to the Common Elements . . . whether located inside or outside of the Units" shall be made by the plaintiff and be charged to all owners as a common expense, "unless necessitated by the negligence, misuse or neglect of an Owner, in which case such expense shall be charged to such Owner."
The defendant moved pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred, contending that the complaint sounded in negligence and, therefore, was subject to the three-year statute of limitations set forth in CPLR 214(4). The defendant contended that this action was time-barred, since the allegedly negligent window replacement work in his unit occurred more than three years prior to the commencement of this action. The plaintiff opposed the motion. In an order dated January 10, 2024, the Supreme Court granted the defendant's motion, concluding that the complaint sounded in negligence. The plaintiff appeals.
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(5) on the ground that [*2]the statute of limitations has expired, the moving defendant must establish, prima facie, that the time in which to commence the action has expired" (Kravets v Striano, 229 AD3d 613, 613 [internal quotation marks omitted]; see Campone v Panos, 142 AD3d 1126, 1127). "If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period" (Barry v Cadman Towers, Inc., 136 AD3d 951, 952; see Campone v Panos, 142 AD3d at 1127).
Here, the defendant failed to establish, prima facie, that this action is barred by the statute of limitations. Contrary to the Supreme Court's determination, the complaint, which alleges that the defendant breached the bylaws by failing to reimburse the plaintiff for its repair costs, sounds in breach of contract, not negligence (see Wikiert v City of New York, 128 AD3d 128, 136).
A breach of contract cause of action is subject to a six-year statute of limitations (see CPLR 213[2]). Such a cause of action "accrues at, and the statute of limitations begins to run from, the time of the breach" (Five Star Elec. Corp. v Skanska USA Bldg., Inc., 221 AD3d 656, 657; see Rad & D'Aprile, Inc. v Arnell Constr. Corp., 203 AD3d 855, 858). Here, the complaint, as supplemented by the affidavit of the plaintiff's president, alleges that, in 2022, the plaintiff commenced paying for the repairs and sought reimbursement from the defendant for those costs, which the defendant refused to pay. Thus, the six-year statute of limitations began to run in 2022, and this action, which was commenced in 2023, was timely.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court should have denied the defendant's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred.
DILLON, J.P., CONNOLLY, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court