ENY Rockaway, LLC v W 16 E. N.Y., LLC (2025 NY Slip Op 06690)

ENY Rockaway, LLC v W 16 E. N.Y., LLC

2025 NY Slip Op 06690

Decided on December 3, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
CHERYL E. CHAMBERS
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2024-02734
2024-02745
 (Index No. 610709/22)

[*1]ENY Rockaway, LLC, respondent-appellant,
v
W 16 East New York, LLC, appellant-respondent.

Assaf & Siegel PLLC, Albany, NY (Michael D. Assaf of counsel), for appellant-respondent.
Ginsburg & Misk LLP, Queens Village, NY (Anthony R. Jackson of counsel), for respondent-appellant.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals, and the plaintiff cross-appeals, from (1) an order of the Supreme Court, Nassau County (Sharon M.J. Gianelli, J.), entered January 24, 2024, and (2) a judgment of the same court entered March 18, 2024. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the first and third causes of action and dismissing the defendant's counterclaims and denied those branches of the defendant's cross-motion which were for summary judgment dismissing the complaint and on its counterclaims. The order, insofar as cross-appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the claim for attorneys' fees. The judgment, insofar as appealed from, upon the order, is in favor of the plaintiff and against the defendant in the principal sum of $476,077 and, in effect, dismissing the defendant's counterclaims. The judgment, insofar as cross-appealed from, upon the order, failed to award the plaintiff attorneys' fees. The notice of cross-appeal from the order is deemed also to be a notice of cross-appeal from the judgment (see CPLR 5501[c]).
ORDERED that the appeal and the cross-appeal from the order are dismissed; and it is further,
ORDERED that the judgment is affirmed insofar as appealed from; and it is further,
ORDERED that the judgment is reversed insofar as cross-appealed from, on the law, that branch of the plaintiff's motion which was for summary judgment on the claim for attorneys' fees is granted, the order entered January 24, 2024, is modified accordingly, and the matter is remitted to the Supreme Court, Nassau County, for a hearing to determine the amount of reasonable attorneys' fees to be awarded to the plaintiff and the entry of an appropriate amended judgment thereafter; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal and the cross-appeal from the order must be dismissed because the right [*2]of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal and the cross-appeal from the order are brought up for review and have been considered on the appeal and the cross-appeal from the judgment (see CPLR 5501[a][1]).
In March 2021, the parties entered into a contract (hereinafter the agreement) whereby the defendant agreed to sell its interest in certain real property located in Brooklyn to the plaintiff. In exchange, the plaintiff, among other things, executed a promissory note in favor of the defendant, which was contingent upon the successful conveyance of title to the property.
At the time, Walgreens Eastern Co., Inc., was the tenant at the property and paid a monthly rent of $60,000. The agreement provided, inter alia, that the plaintiff would "attempt to assume or otherwise satisfy the mortgage currently encumbering the Property whereupon the Property would be conveyed to [the plaintiff], or, in the alternative, to convey the Property to [the plaintiff] as of the maturity date of [the defendant's] loan secured by said mortgage," as defined in further documentation. The agreement also explained that if the plaintiff needed more time to close beyond the planned conveyance date, it must deliver written notice to the defendant and tender a fixed payment of approximately $3.75 million. The plaintiff had the right to further "delay Conveyance until any date . . . until November 16, 2025," as long as the plaintiff provided written notice naming a conveyance date that was at least 45 days subsequent to the date of delivery of the plaintiff's written notice. Another provision of the agreement provided that, prior to closing, the defendant would continue to make the required payments under the mortgage loan, but that rents collected by the defendant in excess of the monthly mortgage loan obligation were required to be remitted to the plaintiff within 30 days of receipt thereof. The agreement also provided that, in a legal action initiated under the agreement, the prevailing party "shall be entitled to recover from the other party" reasonable attorneys' fees.
In July 2021, the parties executed an amendment to the agreement. On September 14, 2021, a day before the then-planned closing date, the plaintiff's counsel emailed the defendant's counsel indicating that the plaintiff would not be waiving its right to extend the closing date to on or before November 16, 2025. Also on September 14, 2021, the defendant executed a memorandum of contract, which provided that the plaintiff's assumption of the mortgage and the defendant's conveyance of the property would occur on or before November 16, 2025. The plaintiff also paid to the defendant an adjusted payment amount of $3,823,227.11 pursuant to the terms of the agreement and the amendment to the agreement.
Per the agreement and the amendment to the agreement, the defendant remitted payment to the plaintiff of the monthly rent balance between October 2021 and February 2022, with a reduced amount remitted in November 2021. Thereafter, the defendant stopped making payments of the monthly rent balance to the plaintiff.
In August 2022, the plaintiff commenced this action. In January 2023, the plaintiff moved for summary judgment on the complaint, which included a claim for attorneys' fees, and dismissing the defendant's counterclaims. The defendant cross-moved, among other things, for summary judgment dismissing the complaint and on its counterclaims. In an order entered January 24, 2024, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the first and third causes of action and dismissing the defendant's counterclaims, denied that branch of the plaintiff's motion which was for summary judgment on the claim for attorneys' fees, and denied those branches of the defendant's cross-motion which were for summary judgment dismissing the complaint and on its counterclaims. On March 18, 2024, a judgment was entered upon the order. The defendant appeals, and the plaintiff cross-appeals.
In order to "recover damages for breach of contract, a plaintiff must demonstrate the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach" (Shulamith Sch. for Girls, Inc. v Shulamith Sch. for Girls of Brooklyn, 230 AD3d 822, 823-824 [internal quotation marks omitted]; see Compensation Guidance, Inc. v Ashnu Intl., Inc., 220 AD3d 683, 684). "A written agreement [*3]that is complete, clear, and unambiguous on its face must be enforced according to the plain meaning of its terms" (Shulamith Sch. for Girls, Inc. v Shulamith Sch. for Girls of Brooklyn, 230 AD3d at 824 [internal quotation marks omitted]; see Compensation Guidance, Inc. v Ashnu Intl., Inc., 220 AD3d at 684).
Here, the plaintiff demonstrated its entitlement to judgment as a matter of law by demonstrating, prima facie, that the defendant breached the agreement and the amendment to the agreement (see Shulamith Sch. for Girls, Inc. v Shulamith Sch. for Girls of Brooklyn, 230 AD3d at 823-824; Compensation Guidance, Inc. v Ashnu Intl., Inc., 220 AD3d at 684). The plaintiff submitted evidence demonstrating, among other things, that the defendant breached the agreement and the amendment to the agreement by failing to make the monthly rent balance payments due thereunder.
In opposition, the defendant failed to raise a triable issue of fact (see Shulamith Sch. for Girls, Inc. v Shulamith Sch. for Girls of Brooklyn, 230 AD3d at 823-824; Compensation Guidance, Inc. v Ashnu Intl., Inc., 220 AD3d at 684; PFM Packaging Mach. Corp. v ZMY Food Packing, Inc., 131 AD3d 1029, 1030). Contrary to the defendant's contentions, it failed to raise a triable issue of fact as to whether it properly terminated the agreement based upon the plaintiff's alleged breach of the agreement. Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the first and third causes of action and dismissing the defendant's counterclaims.
However, the Supreme Court erred in denying that branch of the plaintiff's motion which was for summary judgment on the claim for attorneys' fees. The agreement provided that the prevailing party in any legal action initiated under the agreement "shall be entitled to recover from the other party" reasonable attorneys' fees. Given that the plaintiff is the prevailing party, it is entitled to recover from the defendant reasonable attorneys' fees. Accordingly, we remit the matter to the Supreme Court, Nassau County, for a hearing to determine the amount of reasonable attorneys' fees to be awarded to the plaintiff and the entry of an appropriate amended judgment thereafter (see Lang v Zlotnick, 236 AD3d 635, 637).
The parties' remaining contentions are academic in light of our determination.
GENOVESI, J.P., CHAMBERS, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court