■ In the Matter of STATE FARM INSURANCE COMPANY, Appellant, v HELEN SPILOTROS, Respondent. [683 NYS2d 589] —In a proceeding pursuant to CPLR 7511 to vacate an award of a master arbitrator, dated August 1, 1997, which, *inter alia*, vacated an award of an arbitrator dated January 12, 1997, the petitioner appeals from an order of the Supreme Court, Nassau County (McCarty, J.), dated December 16, 1997, which denied the petition and confirmed the award of the master arbitrator.

Ordered that the order is affirmed, with costs.

The Supreme Court correctly determined that the petitioner, State Farm Insurance Company (hereinafter State Farm), failed to demonstrate any of the requisite statutory criteria for vacating an arbitration award (*see,* CPLR 7511 [b]). Contrary to State Farm's contention, the master arbitrator properly considered the evidence which demonstrated that State Farm had received timely notice of the respondent's claim (*see,* 11 NYCRR 65.15 [b] [4]) since the record reveals that this evidence was transmitted to the original arbitrator. Accordingly, the master arbitrator did not exceed his powers by vacating the original arbitration award which, in light of this evidence, was "incorrect as a matter of law" (11 NYCRR 65.18 [a][4]; *see,* Insurance Law § 5106; *Matter of Petrofsky [Allstate Ins. Co.]*, 54 NY2d 207, 210-211; *Matter of Allstate Ins. Co. v Keegan*,

201 AD2d 724). Mangano, P. J., Thompson, Santucci and Mc-Ginity, JJ., concur.