■ NEW YORK AND PRESBYTERIAN HOSPITAL, as Assignee of TABATHA WILLIAMS, et al., Respondents, v ENTERPRISE RENT-A-CAR, Appellant. [721 NYS2d 823] —In an action to recover unpaid no-fault benefits, the defendant appeals from (1) an order of the Supreme Court, Suffolk County (Werner, J.), dated February 10, 2000, which denied its cross motion for summary judgment dismissing the complaint and granted the plaintiff's motion for summary judgment on the first cause of action, and (2) so much of an order of the same court, dated November 3, 2000, as, upon reargument, adhered to the prior determination.

Ordered that the appeal from the order dated February 10, 2000, is dismissed, as that order was superseded by the order dated November 3, 2000, made upon reargument; and it is further,

Ordered that the order dated November 3, 2000, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

The plaintiff, New York and Presbyterian Hospital (hereinafter the Hospital), commenced this action to recover certain no-fault insurance benefits allegedly due its assignor, Tabatha Williams, by the defendant. The defendant denied the Hospital's timely demand for such benefits on the sole ground that Williams had failed to give it notice of the underlying accident within 90 days of its occurrence, as required by 11 NYCRR 65.11 (m).

The plaintiff established its entitlement to judgment as a matter of law on the first cause of action, and the defendant failed to raise a genuine issue of fact requiring a trial. As the defendant's initial denial of claim, issued in response to Williams's notice of the accident, was within the relevant 90-day period following the accident, Williams's notice of the accident was necessarily timely. Thus, there is no genuine issue of fact that the defendant received timely notice of the accident, the sole basis for denying the Hospital's claim (*see, Persaud v Rahman,* 262 AD2d 542). The defendant's belated assertion that the notice provided by Williams was insufficiently specific to

satisfy 11 NYCRR 65.11 (m) (2) was not raised as a basis for denying benefits either in the initial denial of claim sent to Williams or in the subsequent denial of claim sent to the Hospital. That assertion was not raised by the defendant until it became apparent that its claim of untimeliness was not viable. Thus, the alleged lack of specificity in the notice of the accident may not now be raised as a basis for denying benefits (*see, Mount Sinai Hosp. v Triboro Coach,* 263 AD2d 11; *Fabian v MVAIC,* 111 AD2d 366). Accordingly, the Hospital was entitled to summary judgment on the first cause of action. Bracken, P. J., Ritter, Goldstein and Feuerstein, JJ., concur.