■ NEW YORK & PRESBYTERIAN HOSPITAL, as Assignee of ROBERT LEWIS, Respondent, et al., Plaintiff, v ELRAC, INC., Doing Business as ENTERPRISE RENT-A-CAR, Appellant. [779 NYS2d 524]—

In an action pursuant to Insurance Law § 5106 (a) to recover no-fault insurance benefits, the defendant appeals from a judgment of the Supreme Court, Nassau County (Winslow, J.), entered June 5, 2003, which, upon an order of the same court dated March 30, 2003, granting that branch of the plaintiffs' motion which was for summary judgment in favor of the plaintiff New York & Presbyterian Hospital and denying that branch of its cross motion which was for summary judgment dismissing the complaint insofar as asserted by New York & Presbyterian Hospital, is in favor of New York & Presbyterian Hospital and against it in the principal sum of $22,218.30.

Ordered that the judgment is reversed, on the law, with costs, that branch of the motion which was for summary judgment in favor of New York & Presbyterian Hospital is denied, that branch of the cross motion which was for summary judgment dismissing the complaint insofar as asserted by New York & Presbyterian Hospital is granted, the matter is remitted to the Supreme Court, Nassau County, for entry of judgment in favor of the defendant and against New York & Presbyterian Hospital, and the order is modified accordingly.

Neither New York & Presbyterian Hospital (hereinafter the hospital) nor its assignor submitted written notice of the accident within 90 days of the date of the accident as required by 11 NYCRR 65.11 (m) (2) nor did they submit "written proof that it was impossible to comply with such time limitation due to the specific circumstances beyond [their] control" (11 NYCRR 65.11 [m] [2]; *see Persaud v Rahman,* 262 AD2d 542, 543 [1999]; *Presbyterian Hosp. in City of N.Y. v Liberty Mut. Ins. Co.,* 211 AD2d 774, 775 [1995]). The hospital submitted a form which constituted sufficient notice pursuant to 11 NYCRR 65.15 (b) (4) (*see Matter of State Farm Ins. Co. v Spilotros,* 257 AD2d 577 [1999]). However, its submission was untimely pursuant to 11 NYCRR 65.11 (m) (2) (*see Matter of State Farm Ins. Co. v Spilotros, supra; Presbyterian Hosp. in City of N.Y. v Liberty Mut. Ins. Co., supra; Subia v Cosmopolitan Mut. Ins. Co.,* 80 Misc 2d 1090, 1091 [1975]).

The hospital's remaining contentions are without merit. Altman, J.P., Smith, Krausman and Skelos, JJ., concur.