■ HACKENSACK UNIVERSITY MEDICAL CENTER, as Assignee of NABIL IBRAHIM, Plaintiff, and MONTEFIORE MEDICAL CENTER, as Assignee of THERESA CRUZ, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [782 NYS2d 101]—

In an action to recover unpaid no-fault benefits, the defendant appeals from an order of the Supreme Court, Nassau County (Winslow, J.), dated December, 18, 2002, which granted that branch of the plaintiffs' motion which was for summary judgment in favor of the plaintiff Montefiore Medical Center, as

assignee of Theresa Cruz, on the second cause of action and denied that branch of its cross motion which was for summary judgment dismissing that cause of action.

Ordered that the order is reversed, on the law, with costs, that branch of the plaintiffs' motion which was for summary judgment in favor of the plaintiff Montefiore Medical Center, as assignee of Theresa Cruz, on the second cause of action is denied, that branch of the defendant's cross motion which was for summary judgment dismissing that cause of action is granted, and the second cause of action is dismissed.

On January 11, 2002, Theresa Cruz, assignor of the plaintiff Montefiore Medical Center (hereinafter Montefiore) allegedly was injured in an accident involving the defendant's vehicle. Cruz was treated at Montefiore on February 26, 2002, and February 27, 2002. On May 14, 2002, Montefiore, as Cruz's assignee, billed the defendant for Cruz's medical treatment seeking payment of first-party medical benefits under the no-fault statute and the regulations promulgated thereunder. Relying on 11 NYCRR 65.11 (m) (1) and (2), the defendant denied the claim based upon Montefiore's alleged failure to timely notify it of the accident.

The Supreme Court rejected the defendant's argument, finding that 11 NYCRR 65.11 (m) (3), and not 11 NYCRR 65.11 (m) (2), was applicable. The Supreme Court granted that branch of the plaintiffs' motion which was for summary judgment in favor of Montefiore on the second cause of action and denied that branch of the defendant's cross motion which was for summary judgment dismissing that cause of action. We reverse.

The applicable regulation, 11 NYCRR 65.11 (m) (1), provides that compliance with all the subparts of subdivision (m) of 11 NYCRR 65.11 is a condition precedent to an action against a self-insurer, such as the defendant, for a failure to pay first-party no-fault benefits. Since 11 NYCRR 65.11 (m) (2) mandates that a self-insurer, such as the defendant, be notified of an accident within 90 days of its occurrence, and since Montefiore did not dispute the defendant's allegation that the first notification it received of the January 11, 2002, accident was Montefiore's billing of May 14, 2002, Montefiore did not comply with 11 NYCRR 65.11 (m) (2). Therefore, since 11 NYCRR 65.11 (m) (2), a condition precedent to the second cause of action, was not complied with, the second cause of action should have been dismissed (see 11 NYCRR 65.11 [m] [1], [2]; *New York & Presbyt. Hosp. v Elrac, Inc.*, 8 AD3d 541 [2004]; *New York & Presbyt. Hosp. v Enterprise Rent-A-Car*, 281 AD2d 526 [2001]; *Persaud v Rahman*, 262 AD2d 542 [1999]; *see also St. Clare's Hosp. v*

*Allcity Ins. Co.*, 201 AD2d 718 [1994]). Altman, J.P., Florio, Smith and Rivera, JJ., concur.