**Wells Fargo Bank, N.A. v Barry**

2024 NY Slip Op 33504(U)

September 30, 2024

Supreme Court, Kings County

Docket Number: Index No. 537535/2022

Judge: Carolyn Mazzu Genovesi

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Part FRP-5 of the Supreme Court of
the State of New York, held in and for the County
of Kings, at the Courthouse, at 360 Adams Street,
Brooklyn, New York, on the    day of        2024.

**SEP 3 0 2024**

Present: Hon. Carolyn Mazzu Genovesi

--------------------------------------------------------------------X
WELLS FARGO BANK, N.A.,

                                             Plaintiff,

          -against-                                                    **DECISION AND ORDER**

CAROL BARRY, LEILA BARRY, SEAN PILGRIM,          Index No.: 537535/2022
NEW YORK CITY PARKING VIOLATIONS                 Motion Cal. No.: 32
BUREAU, CITY OF NEW YORK ENVIRONMENTAL           Motion Seq. 1
CONTROL BOARD, MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., AS NOMINEE
FOR STERLING NATIONAL MORTGAGE
COMPANY, INC.,

"JOHN DOE #1" through and including "JOHN DOE
#25," the defendants last named in quotation marks being
intended to designate tenants or occupants in possession
of the herein described premises or portions thereof, if
any there be, said names being fictitious, their true name
being unknown to plaintiff,

                                             Defendants,

-------------------------------------------------------------------X

The following papers were read on this motion, pursuant to CPLR 2219(a):

| Papers | Numbered |
|---|---|
| Amended Notice of Motion (MS # 1), Affirmation in Support, Exhibits | 60, 40-59 |
| Affirmation in Opposition, Statement of Material Facts | 62, 63 |
| Reply Affirmation | 64 |

In an action to foreclose a mortgage, plaintiff moves for summary judgment, default

judgment and the appointment of a referee to compute the amount due to plaintiff.

In opposition to plaintiff's motion for summary judgment defendants argue that plaintiff

has not established the mailing under RPAPL §1304 for the necessary notices of foreclosure or

[* 1]

default on the mortgage. Defendants assert that under CPLR 4518 the plaintiff did not establish that the business records were sufficient to establish the amounts of the default alleged, both because the plaintiff bank did not provide sufficient evidentiary foundation in its records to establish summary judgment regarding the recording and record keeping necessary and for failure to provide legible documents. Defendants argue that the records provided are only a "series of unintelligible codes and entries" which are insufficient to establish the factual allegations of default. Additionally, defendants argue that plaintiff did not provide testimony regarding the method of the mailing of the notices and that plaintiff failed to serve a Notice of Default pursuant to the terms of the mortgage.

Plaintiff asserts that the affidavit to establish a prima facia case is an affidavit of plaintiff's representative and that the business records provided pursuant to CPLR 4518 are admissible, even if there is a lack of personal knowledge, as that goes to the weight of the evidence and not to the issue of admissibility.

A motion for summary judgment will be granted if, upon all the papers and proof submitted, the cause of action or defense is established sufficiently to warrant directing judgment in favor of any party as a matter of law. CPLR 3212 (b); *Gilbert Frank Corp. v. Federal Ins. Co.*, 70 N.Y.2d 966, 967 (1988); *Zuckerman v. City of New York*, 49 N.Y.2d 557, 562 (1980). On such a motion, the evidence will be construed in a light most favorable to the party against whom summary judgment is sought. *Spinelli v. Procassini*, 258 A.D.2d 577 (2d Dep't 1999); *Tassone v. Johannemann*, 232 A.D.2d 627, 628 (2d Dep't 1996); *Weiss v. Garfield*, 21 A.D.2d 156, 158 (3d Dep't 1964). The movant must therefore offer sufficient evidence in admissible form to eliminate all material questions of fact. *Alvarez v. Prospect Hosp*, 68 N.Y.2d 320 (1986); *Zuckerman v.*

INDEX NO. 537535/2022
RECEIVED NYSCEF: 10/03/2024

1065 (1979). "To establish a prima facie case in an action to foreclose a mortgage, a plaintiff must produce the mortgage, the unpaid note, and evidence of default." *JPMorgan Chase Bank, Nat. Ass'n v. Weinberger*, 142 A.D.3d 643, 644 (2d Dep't 2016).

The court finds that plaintiff has met its burden regarding the admissibility of the records by establishing a foundation for their admission as the affirmation is made by a person who is sufficiently familiar with the corporate records. Further, the court finds that the records are admissible and can be relied on because plaintiff established the records were incorporated into its own records and relied on. *Deutsche Bank Nat. Trust Co. v. Monica*, 131 A.D.3d 737 (2d Dep't 2015). Moreover, the court finds all the records are legible, clear and understandable and not "unintelligible."

Plaintiff further argues that they are not required to comply with RPAPL notices as the property was not owner-occupied.

The court finds that the notices pursuant to RPAPL §1304 do not apply in this matter as the property in the action to foreclose was not the defendant's residence and not occupied by defendant. The property is a 1 to 4 family house, and it is undisputed that the mortgage being foreclosed on included a 1 to 4 family rider which deleted an "occupancy-by-borrower" requirement. The Second Department has found that such a rider by itself is sufficient to establish that the mortgage loan is not a home loan as defined in RPAPL §1304. *Wall Street Mortgage Bankers, Ltd. v. Berquin*, 213 A.D.3d 972 (2d Dep't 2023); *U.S Bank National Association v. Simmons*, 230 A.D.3d 621 (2d Dep't 2024).

Regarding the defendant's assertion that the notice of default pursuant to the terms of the mortgage was not proved, the plaintiff asserts that the defense was waived as a matter of law

pursuant to CPLR 3015 which requires the denial of performance of a contractual condition precedent to be made specifically and with particularity in its Answer.

Here, the court finds that the Answer failed to allege the plaintiff violated the contractual condition precedence with sufficient specificity. The court finds that defendant's Answer makes no mention of the failure to provide the 30-day notice of default. Therefore, the defense is waived as a matter of law. *Nationstar Mtge., LLC v. Vordermeier*, 165 A.D.3d 822 (2d Dep't 2018).

Accordingly, plaintiff's motion for summary judgment for default and appointment of a referee is GRANTED. The order of default and the appointment of a referee is attached and incorporated by reference.

ENTER

Hon. Carolyn Mazzu Genovesi

[* 4]