Wilmington Sav. Fund Socy., FSB v Sinclair (2025 NY Slip Op 25114)

[*1]

Wilmington Sav. Fund Socy., FSB v Sinclair

2025 NY Slip Op 25114

Decided on May 15, 2025

Supreme Court, Kings County

Genovesi, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on May 15, 2025
Supreme Court, Kings County

Wilmington Savings Fund Society, FSB, Not in its Individual Capacity but Solely as Certificte Trustee of Bosco Credit II Trust Series 2010-1, Plaintiffs,

against
Ireta D. Sinclair; New York City Department of Finance; Asset Acceptance, LLC; LVNV Funding LLC A/P/O Citibank; "John Doe No.1" Through "John Doe #10," said names being fictitious and unknown to plaintiff, intended to be possible tenants or occupants of the premises, or corporations, persons, or other entities having or claiming a lien upon the mortgaged premises, Defendants.

Index No. 508264/2023

Plaintiff: 
Angelo Anthony Regina, Esq. 
Greenspoon Marder LLP
1345 Avenue of the Americas, Suite 2200, New York, NY 10105
Defendant:
David Mark Harrison, Esq.
48 Willoughby St, Brooklyn, NY 11201

Carolyn Mazzu Genovesi, J.

The following papers were read on this motion pursuant to CPLR 2219(a):
Papers NYSCEF Numbered
Motion (MS # 1), Affirmation in Support, Memorandum of Law,
Exhibits 57-69
Cross-Motion (MS #2), Affirmation in Support, Exhibits 73-88
Affirmation in Opposition to Cross-Motion, Memorandum of Law
in Opposition, Exhibit 90-92
Reply Affirmation 93
In this foreclosure action plaintiff moves for summary judgement pursuant to CPLR 3212, and to strike the defendant's answer, grant a default judgment against non-appearing defendants and for an order of reference under RPAPL 1321. Ireta D. Sinclair (defendant) [*2]moves to dismiss pursuant to CPLR 3211(a)(5) asserting the action is barred by the statute of limitations applicable in foreclosure actions pursuant to CPLR 213(4) and RPAPL 1301(3); and 1301(4) as amended under the Foreclosure Abuse Prevention Act (L 2022, ch 821 [eff Dec. 30, 2022]; hereinafter FAPA).
The subject foreclosure action is related to a residential property located at 1475 East 94th Street, Brooklyn. Defendant is the owner of the property by recorded deed dated May 3, 2001. The foreclosure arises from a mortgage loan issued by Accredit Home Loans, Inc. to defendant in the amount of $140,000 on September 16, 2005. On March 17, 2023, plaintiff commenced this action for foreclosure with the filing of a summons and complaint alleging defendant's default on paying the mortgage from October 1, 2020, and the amount due and owing at the time of the filing was $429,32.85. On May 30, 2023, defendant appeared in the action by counsel and filed an answer with counterclaims, including failure to comply with the statute of limitations. Plaintiff filed a reply to the counterclaims. The remaining named defendants have not appeared.
I. Statute Limitations and the Foreclosure Abuse Prevention Act
Relevant Facts
In 2011, plaintiff's predecessor, Deutche Bank National Trust Company; as Certified Trustee on behalf of Bosco Credit II Trust Series 2011, under index number 500487/2011 commenced an action (2011 Action) by summons and complaint that sought enforcement of the promissory note concerning the same original $140,000 mortgage loan to defendant. It is the same promissory note in this action commenced on March 17, 2023 (2023 Action). In the 2011 Action the same note was attached at the time of commencement of that action. Additionally, plaintiff in their motion papers and at oral argument agreed that this action is based on the same mortgage note in the 2011 Action. However, at the time of the filing of their complaint, plaintiff in paragraph twenty (20) stated that "No other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of the Mortgage or the recovery of the sum secured by the instant Note and Mortgage or any part thereof." Defendant asserts in their answer, as an affirmative defense, that the action is barred by the statute of limitations. But defendant does not assert as an affirmative defense that CPLR 1301(3) was not complied with as a condition precedent pursuant to the plaintiff's second action.
Both the New York State Courts E-Filing (NYSCEF) system for court minutes and the Kings County Supreme Court's Universal Case Management System (UCMS), which are both official court tracking systems, reflect that the 2011 Action was marked "stayed" on April 14, 2015, with no further court markings. Both parties agree that the 2011 Action was still in the status of "stayed" when plaintiff filed the 2023 Action, and that plaintiff did not seek leave of court to file the 2023 Action.
Parties Arguments
Defendant argues that since the debt is the same, the loan was accelerated when the prior action was filed on September 29, 2011. Therefore, the six-year statute of limitations expired on September 29, 2017. This is because on December 30, 2022, the Foreclosure Abuse Prevention Act (FAPA) was enacted which amended the Real Property Actions and Proceedings Law (RPAPL), GOL (General Obligation Law) and Civil Practice Law and Rules (CPLR) for foreclosure actions. These changes effect foreclosure matters, like this one, where no final judgment of foreclosure and sale on the note has been enforced. Moreover, the statutory amendments enacted under FAPA retroactively apply. (97 Lyman Avenue, LLC v. MTGLQ Investors, L.P., 233 AD3d 1038, [2d Dep't 2024]; Deutsche Bank National Trust Company v. [*3]Dagrin, 233 AD3d 1065, [2d Dep't 2024]).
Defendant asserts that FAPA, under CPLR 213(4)(a) and (b) bars plaintiff in this action from asserting the prior action was not a valid acceleration of the debt because under CPLR 213 (4)(a), "unless the prior action was dismissed based on an expressed judicial determination, made upon a timely interposed defense, that the instrument was not validly accelerated" it was still accelerated at the time of the filing of the 2023 Action. Therefore, defendant asserts that here in the 2023 Action; the mortgage was accelerated when the 2011 Action on the note was commenced and since there was no express judicial determination that it was no longer accelerated, the 2023 Action is time barred. Additionally, in an issue of first impression, defendant argues that under the language of RPAPL 1301(3) the 2011 Action should also be dismissed, because the express language of 1301(3) deems the 2011 Action discontinued. This is because, third sentence of RPAPL 1301(3) provides that the 2011 Action is discontinued as of the date of plaintiff's filing of the 2023 Action. The third sentance of RPAPL 1301(3) reads;
"For purposes of this subdivision, in the event such other action is commenced without leave of the court, the former action shall be deemed discontinued upon the commencement of the other action, unless prior to the entry of a final judgment in such other action, a defendant raises the failure to comply with this condition precedent therein, or seeks dismissal thereof based upon a ground set forth in paragraph four of subdivision (a) of rule thirty-two hundred eleven of the civil practice law and rules" (emphasis added).
Therefore, defendant asserts that because they neither interpose an answer that raises an affirmative defense of failure of plaintiff to seek leave of court nor move under CPRL 3211(4), the 2011 Action should also be dismissed, since the language of the second paragraph of 1301(3) deems the 2011 Action discontinued as of the filing of the 2023 Action. 
Additionally, defendant also argues that because the 2011 Action should be deemed discontinued pursuant to RPAPL 1301(3), the 2023 Action under RPAPL 1301(4), is additionally barred by the statute of limitations because RPAPL 1301(4) states that:
"If an action to foreclose a mortgage or recover any part of the mortgage debt is adjudicated to be barred by the applicable statute of limitations, any other action seeking to foreclose the mortgage or recover any part of the same mortgage debt shall also be barred by the statute of limitations."
The court had difficulty discerning plaintiff's argument from their papers but provides that it considers the arguments as follows. First, plaintiff asserts that the statute of limitations did not run when they filed their second action, because the 2011 Action was not formally discontinued, therefore this second action is a "de facto discontinuance which militates against dismissal of the present action under RPAPL 1301(3)." Consequently, plaintiff asserts that the court should treat the 2011 Action as being abandoned prior to the FAPA statutory changes of RPAPL 1301(3) because at the time of the abandonment, the law did not require that this second action would be invalid. The court assumes the abandonment plaintiff is referring to is the time period from the filing of the 2011 Action through the stay on that matter in 2015 to the FAPA [*4]change in law in December of 2022 [FN1]
Therefore plaintiff asserts that the prior action was no longer pending at the filing of this second action, and plaintiff was not precluding from seeking to recover under the note.
Secondly, plaintiff asserts that because the prior bank was not precluded from proceeding in equity, in the 2011 Action, (which was an action to enforce the promissory note) under RPAPL 1301(3) it should be "deemed discontinued as of the 2023 Action." Thirdly, in the alternative of its first argument, plaintiff asserts that the action is not barred by the statute of limitations, because the "interplay of the two statutes establishes a toll." Plaintiff refers to CPLR "205(a)"[FN2]
and RPAPL 1301(3) as the two statutes. However, plaintiff does not provide an analysis of how the two statutes "interplay" to create a toll, but claims that there is a toll because under RPAPL 1301(3) the commencement of the second action was a "de facto discontinuance" of the first and because defendant did not seek to dismiss the 2011 Action while it was stayed, the second action should be allowed under RPAPL 1301(3). Fourthly, the plaintiff asserts that changes made under FAPA are inapplicable but does not provide the court an analysis of why. 
Analysis
In this case, the court must interpret the application of the changed section of RPAPL 1301(3), under the 2022 FAPA amendments to the foreclosure-related statues, when a second action (2023 Action) was commenced without leave of court and the first action (2011 Action) was in the status of being stayed.
To dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the applicable statute of limitations, the "defendant bears the initial burden of demonstrating that the time within which to commence the action has expired." (U.S. Bank N.A. v. Gordon, 158 AD3d 832,834-845 [2d Dep't 2018] quoting Stewart v. GDC Tower at Greystone, 138 AD3d 729, 729 [2d Dep't 2016]). "If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period." (U.S. Bank N.A. v Gordon at 835 quoting Barry v. Cadman Towers, Inc., 136 AD3d 951, 952 [2d Dep't 2016]).
The statute of limitations for a mortgage foreclosure action is six years. CPLR 213(4) provides that:
4. [A]n action upon a bond or note, the payment of which is secured by a mortgage upon real property, or upon a bond or note and mortgage so secured, or upon a mortgage of real property, or any interest therein;
(a) In any action on an instrument described under this subdivision, if the statute of limitations is raised as a defense, and if that defense is based on a claim that the instrument at issue was accelerated prior to, or by way of commencement of a prior action, a plaintiff shall be estopped from asserting that the instrument was not validly accelerated, unless the prior action was dismissed based on an expressed judicial determination, made upon a timely interposed defense, that the instrument was not [*5]validly accelerated.
"When a mortgage is payable in installments, which is the typical practice, an acceleration of the entire amount due begins the running of the statute of limitations on the entire debt." Wells Fargo Bank, N.A. v. Rutty, 206 AD3d 862, 863 (2d Dep't 2022) quoting Deutsche Bank Trust Co. Ams. v. Marous, 186 AD3d 669, 670 (2d Dep't 2020). "Acceleration occurs, inter alia, by the commencement of a foreclosure action wherein the plaintiff elects in the complaint to call due the entire amount secured by the mortgage." (GMAT Legal Title Trust 2014—1 v. Kator, 213 AD3d 915, 916 [2d Dep't 2023]).
The court finds that the 2011 Action is based on the same promissory note as the 2023 Action, and that plaintiff both in their motion papers and at oral argument agreed that this action is based on the same mortgage note in the 2011 Action. Therefore, pursuant to CPLR 213(4), the 2011 Action accelerated the mortgage and the six-year statute of limitations began to run on the September 29, 2011. The court finds that the statute of limitations expired six years after the commencement of the 2011 Action, on September 20, 2017.
The court next addresses whether the language of RPAPL 1301(3) allows for the 2023 Action to be preserved or dismissed because, as both parties agree, leave of court was not obtained for the 2023 Action when it was commenced on March 17, 2023, after the six-year statute of limitations had run. Additionally, part of the same analysis and determination by the court is whether the 2011 Action should be considered discontinued.
RPAPL 1301(3) in its entirety states;
While the action is pending or after final judgment for the plaintiff therein, no other action shall be commenced or maintained to recover any part of the mortgage debt, including an action to foreclose the mortgage, without leave of the court in which the former action was brought. The procurement of such leave shall be a condition precedent to the commencement of such other action and the failure to procure such leave shall be a defense to such other action. For purposes of this subdivision, in the event such other action is commenced without leave of the court, the former action shall be deemed discontinued upon the commencement of the other action, unless prior to the entry of a final judgment in such other action, a defendant raises the failure to comply with this condition precedent therein, or seeks dismissal thereof based upon a ground set forth in paragraph four of subdivision (a) of rule thirty-two hundred eleven of the civil practice law and rules. This subdivision shall not be treated as a stay or statutory prohibition for purposes of calculating the time within which an action shall be commenced and the claim interposed pursuant to sections two hundred four and two hundred thirteen of the civil practice law and rules (emphasis added).
The court looks to the statutory construction in the language of RPAPL 1301(3). Defendant asserts that the 2023 Action, the second action ("other action" under the statute) is time barred because the statute of limitations ran on September 20, 2017. Secondly, defendant asserts that the RPAPL 1301(3)'s language states that the 2011 Action, the first action ("former action" under the statute) is "deemed discontinued" when the second action is commenced.
Regarding the dismissal of the 2011 Action, defendant asserts that because their answer in the 2023 Action did not raise the affirmative defense of failure of plaintiff to seek leave of court for the 2023 Action nor bring a motion pursuant to CPLR 3211(a)(4), the language of the [*6]statute provides that the first action is "deemed discontinued" once the second action was filed. Essentially, they are arguing that the two conditions after the language of the subordinating conjunction (the word "unless" in the third sentence of RPAPL 1301[3]) are not met therefore the first action is deemed discontinued as a result of the filing of the second action.
The court looks to the language of the two conditions after the subordinating conjunction in the sentence, under RPAPL 1301(3) which states, with the court's emphasis;
"For purposes of this subdivision, in the event such other action is commenced without leave of the court, the former action shall be deemed discontinued upon the commencement of the other action, unless prior to the entry of a final judgment in such other action,
- a defendant raises the failure to comply with this condition precedent therein,
- or seeks dismissal thereof based upon a ground set forth in paragraph four of subdivision (a) of rule thirty-two hundred eleven of the civil practice law and rules.
Here, the first portion of the sentence after the subordinating conjunction, the word "unless" makes clear that the 2011 Action is deemed dismissed unless either of the two following conditions are met. Those two conditions are not raised by defendant. They did not raise either the failure of the plaintiff to comply with the condition precedent to seek leave of court for the "other action" (2023 Action) nor seek dismissal pursuant to CPLR 3211(a)(4)[FN3]

Here, the defendant does not assert in their answer either contemplated action under RPAPL 1301(3) to stop the 2011 Action from being deemed discontinued.
The court in reviewing precedent found no authority opining on the additional FAPA amendments to RPAPL 1301(3) regarding whether the filing of a second action without leave of court, when the first action is stayed, should be disregarded as a mere irregularity as had previously been determined prior to the FAPA amendments. In Wells Fargo Bank, N.A. v. Mitselmakher, 197 AD3d 778, (2d Dep't 2021), and HSBC Bank USA, N.A. v Kading, 204 AD3d 649 (2d Dep't, 2022) the court found that failure to seek leave of court under RPAPL 1301(3) was a mere irregularity where a defendant was not prejudiced.[FN4]
In Wells Fargo Bank, N.A. v Mitselmakher, the court also decided that RPAPL 1301(3) was considered a statute to shield the mortgagor from the expense and annoyance of having to defend two separate actions at the same time regarding the same debt, but found there was no prejudice to the defendant where they were not defending two actions, which is similar to this matter.
The Foreclosure Abuse Prevention Act (FAPA) amended RPAPL 1301 to include provisions that prevent the voluntary discontinuance of a foreclosure action from resetting the statute of limitations. Here, the court considerers the plaintiff's act of filing of the 2023 Action to be an action of voluntary discontinuance. This is because the 2011 Action that was stayed in 2015, with no action by either party until plaintiff filed the second action. Moreover, plaintiff's [*7]summons and complaint stated that "No other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of the Mortgage or the recovery of the sum secured by the instant Note and Mortgage or any part thereof" indicating they were either unaware of the prior action or intended it to be discontinued. Additionally, plaintiff argues that because the prior bank was not precluded from proceeding in equity, in the 2011 Action, (which was an action to enforce the promissory note) under RPAPL 1301(3) they agree that the first action should be "deemed discontinued as of the 2023 Action."
The court next looks to the addition of language, under the FAPA amendments, to the fourth and last sentence under RPAPL 1301(3) which states that "This subdivision shall not be treated as a stay or statutory prohibition for purposes of calculating the time within which an action shall be commenced and the claim interposed pursuant to sections two hundred four and two hundred thirteen of the civil practice law and rules." Additionally, FAPA under CPLR 203 amended the statute to include subsection (h) which provides that "Once a cause of action upon an instrument described in subdivision four of section two hundred thirteen of this article has accrued, no party may, in form or effect, unilaterally waive, postpone, cancel, toll, revive, or reset the accrual thereof, or otherwise purport to effect a unilateral extension of the limitations period prescribed by law to commence an action and to interpose the claim, unless expressly prescribed by statute." CPLR 203(h) was amended in conjunction with RPAPL 1301(3), and both amendments meet the purpose of the FAPA legislation, which was in part to provide that the discontinuance of a mortgage foreclosure action should not serve to cancel, toll, extend, revive, or reset the statute of limitations for foreclosure claims. (Bayview Loan Servicing, LLC v. Dalal, 80 Misc 3d 1100 [Sup. Ct. Bronx County 2023]).
These amendments were intended to prevent lenders from using voluntary discontinuances to manipulate the statute of limitations and avoid the consequences of the time limits set by law. (MTGLQ Investors, L.P. v. Gross, 79 Misc 3d 353 [Sup. Ct. Westchester County 2023]). The legislature considered the discontinuance when enacting the FAPA changes, in that plaintiff banks might use the statute to act as a stay for the purposes of calculating the statute of limitations by filing an action without leave of court outside the statute of limitations.
Because CPLR 1301(3) explicitly states, in its fourth (FAPA amended/added) paragraph that its requirement to obtain leave of court does not constitute such a stay or statutory prohibition and therefore does not toll the statute of limitations - that means that the time during which a party is required to obtain leave of the court is not excluded from the statute of limitations period for commencing an action or interposing a claim. This ensures that the statute of limitations continues to run during the period in which leave of the court must be obtained, preventing any extension of the time limit for commencing an action or interposing a claim. 
The court finds that applying strict statutory construction of RPAPL 1301(3) as amended by FAPA, the former action (2011 Action) upon the filing of the second action (2023 Action) must be deemed discontinued, because the defendant raised neither of the conditions which would allow the 2011 action to be considered viable. Further, the second action was untimely as the mortgage was accelerated on September 20, 2011, and the Statute of Limitations expired on September 20, 2017, before the commencement of the second action on March 17, 2023, because RPAPL 1301(3) prohibits any tolling of the time to file an action when leave of court should have been sought.
Although the plaintiff does not analyze or argue how CPLR 205(a) (the former pre-FAPA statutory provision) can act as a six-month toll in this matter, the court addresses whether [*8]CPLR 205-a, as amended by FAPA, has any impact on the issues before the court. Under both CPLR 205(a) and CPLR 205-a, where an action is timely commenced and is terminated for any reason other than those specified in the statutes, the plaintiff may commence a new action upon the same transaction or occurrence within six months following the termination, provided that the new action would have been timely commenced within the applicable statute of limitations period at the time of the commencement of the prior action and that service upon the original defendant is completed within such six-month period. U.S. Bank N.A. v. DLJ Mtge. Capital, Inc., 33 NY3d 72, (2019); U.S. Bank N.A. v Coleman, 215 AD3d 780 (2d Dep't 2023).
CPLR 205-a (a) provides that if an action "is timely commenced and is terminated in any manner other than a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for any form of neglect, including, but not limited to those specified in [CPLR 3126 (3); 3215, 3216 and 3404], for violation of any court rules or individual part rules, for failure to comply with any court scheduling orders, or by default due to nonappearance for conference or at a calendar call, or by failure to timely submit any order or judgment, or upon a final judgment upon the merits, the original plaintiff . . . may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months following the termination, provided that the new action would have been timely commenced within the applicable limitations period prescribed by law at the time of the commencement of the prior action and that service upon the original defendant is completed within such six-month period."
The court finds that CPLR 205-a (a) excludes a voluntary discontinuance. In this matter, when plaintiff filed the 2023 Action, without leave of court, it voluntarily discontinued the 2011 Action. Moreover, the CPLR 205-a savings provision cannot apply because the 2023 Action was not commenced within the applicable limitations period after the 2011 Action accelerated the mortgage, and the limitation period began to run and expired in September 2017.
Lastly, the court addresses the issue regarding whether RPAPL 1301(3)'s retroactive application is constitutional even though plaintiff does not make a constitutional argument in relation to the retroactive application of FAPA. The court notes that the law regarding when a debt is accelerated for purpose of determining when a statute of limitations is calculated, and any tolling provisions was in flux during the period between the stay in the 2011 Action and the filing of the 2023 Action. However, the Appellate Division Second Department with regard to CPLR 203(h) in the decision of Deutsche Bank National Trust v. Dagrin, 233 AD3d 1065 (2 Dep't 2024) determined that the retroactive application of FAPA did not violate plaintiff bank's due process rights; violate the Contracts Clause; constitute an unconstitutional taking; or, violate the Bill of Attainer Clause. Similarly, regarding CPLR 205-a in Deutsche Bank National Trust Company v. Zak, 235 AD3d 839, (2d Dep't 2025), the court found that the retroactive application of FAPA was constitutional.
Accordingly, the 2011 Action is deemed discontinued upon the filing of the 2023 Action and the 2023 Action was untimely filed as the statute of limitations ran on September 20, 2017. 
II. Plaintiff's Motion for Summary Judgment and to Appoint a Referee
The court will examine the merits of plaintiff's motion for summary judgment, irrespective of the court's dismissal of this action under FAPA.
Documentary Evidence
In support of its motion for summary judgment, plaintiff submits an affidavit from Alma Golemi, an employee of Franklin Management Corporation, plaintiff loan servicer. The affiant states in relevant part, that she has personal knowledge of the loan servicer's procedure for creating and maintaining business records and submitted a copy of the note and mortgages. The affiant further states "Defendant IRETA D. SINCLAIR has failed to comply with the terms of the Note and Mortgage by failing to pay the monthly payment due on August 1, 2006." However, the court notes that the affidavit in question never indicates what documents the affiant, Alma Golemi reviewed to determine that defendant defaulted in paying her loan. The only document that plaintiff annexed to its motion related to the loan payment is Exhibit F to Alma Golemi's affidavit, which is a single page letter sent by plaintiff's loan servicer to defendant entitled "Re: Payoff Statement." Exhibit F does not demonstrate what payments plaintiff allegedly failed to make or the date she allegedly defaulted in making loan payments.
Plaintiff maintains that Golemi's affidavit is sufficient to establish that plaintiff has standing to commence this action and proved defendant defaulted in paying the loan. In considering plaintiff's motion for summary judgment, this court reviewed the record and finds that plaintiff did not produce a payment history of the subject loan. However, in opposition, defendant does not raise the issue of plaintiff's failure to submit a payment history or similar documentation of default.
Summary Judgment Standard
A motion for summary judgment will be granted if, upon all the papers and proof submitted, the cause of action or defense is established sufficiently to warrant directing judgment in favor of any party as a matter of law. (CPLR 3212 (b); Gilbert Frank Corp. v. Federal Ins. Co., 70 NY2d 966, 967 [1988]; Zuckerman v. City of New York, 49 NY2d 557, 562 [1980]). On such a motion, the evidence will be construed in a light most favorable to the party against whom summary judgment is sought. (Spinelli v. Procassini, 258 AD2d 577 [2d Dep't 1999]; Tassone v. Johannemann, 232 AD2d 627, 628 [2d Dep't 1996]; Weiss v. Garfield, 21 AD2d 156, 158 [3d Dep't 1964]). The movant must therefore offer sufficient evidence in admissible form to eliminate all material questions of fact. (Alvarez v. Prospect Hosp, 68 NY2d 320 [1986]; Zuckerman v. City of New York, supra at 562; Friends of Animals, Inc v. Associated Fur Mfrs., Inc, 46 NY2d 1065 [1979]). Where a movant fails to satisfy its prima facie burden, it is proper for a court to deny an unopposed motion for summary judgment. (Citibank, N.A. v. Cabrera, 130 AD3d 861, 861-862 [2d Dep't 2015]).
"To establish a prima facie case in an action to foreclose a mortgage, a plaintiff must produce the mortgage, the unpaid note, and evidence of default." (JPMorgan Chase Bank, Nat. Ass'n v. Weinberger, 142 AD3d 643, 644 [2d Dep't 2016]). A default in paying a loan "is established by (1) an admission made in response to a notice to admit, (2) an affidavit from a person having personal knowledge of the facts, or (3) other evidence in admissible form." (Deutsche Bank National Trust Company v. McGann, 183 AD3d 700, 702 [2d Dep't 2020]). "An affiant's assertion regarding the defendant's default, without the business records upon which he or she relied in making such an assertion, constitutes inadmissible hearsay." (Bank of New York Mellon v. Giammona, 219 AD3d 436, 439 [2d Dep't 2023]).
Analysis
Plaintiff's submissions are not sufficient to establish its prima facie entitlement to summary judgment. While plaintiff submitted evidence that demonstrates it has standing to commence this action, plaintiff failed to provide evidence of defendant's default in paying the [*9]loan. (U.S. Bank N.A. v. Medina, 230 AD3d 1371, 1376 [2d Dep't 2024]). Plaintiff failed to produce business records indicating defendant's default in paying the loan. The only document plaintiff produces, that purports to show defendant's default in payment, does not indicate what payments plaintiff allegedly failed to make or the date she allegedly defaulted in making loan payments. Accordingly, plaintiff's motion for summary judgment relies upon hearsay from loan servicer's employee, Alma Golemi, which lacks probative value and is insufficient to establish defendant's default. ( HSBC Bank USA, N.A. v. Green, 175 AD3d 1273, 175-1776 [2d Dep't 2019]). Therefore, even if the court had denied defendant's cross-motion to dismiss, plaintiff's motion for summary judgment must be denied.
It is hereby
ORDERED that plaintiff's motion (MS #1) for summary judgment and to appoint a referee, inter alia, is DENIED; and it is further
ORDERED that defendant's cross-motion (MS #2) is GRANTED and the complaint is DISMISSED.
This constitutes the Decision and Order of the court.
Hon. Carolyn Mazzu Genovesi

Footnotes

Footnote 1:Plaintiff does not make a constitutional argument in relation to the retroactive application of FAPA.

Footnote 2:Which is not CPLR 205-a, the newly enacted section under the FAPA law changes and was in effect at the time the plaintiff made their motion.

Footnote 3:CPLR 3211(a)(4); (a) Motion to dismiss a cause of action. A party may move for judgment dismissing one or more causes of action asserted against him on the ground that (4) there is another action pending between the same parties for the same cause of action in a court of any state or the United States; the court need not dismiss upon this ground but may make such order as justice requires.

Footnote 4:Decided before the FAPA amendments were enacted.